[Crim. No. 43639. Second Dist., Div. Seven. Feb. 23, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
RUDOLF RUDY RODRIGUEZ, Defendant and Appellant.

**COUNSEL**

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Ernest Martinez, Deputy State Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Norman H. Sokolow and Pamela M. Nelson, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

## JOHNSON, J.—

### INTRODUCTION

Appellant was convicted of child molestation. He was sentenced as a recidivist to eight years in prison with a ten-year enhancement.

Appellant claims error on the basis of the enhancement only. His appeal raises the following two issues: first, whether the trial court erred by allowing the prosecution to reopen its case at the sentencing hearing and submit additional proof of appellant's two prior convictions for sex offenses; and second, whether the trial court is precluded from imposing enhancements for both prior convictions on the ground that a specific finding was made only on one of them.

We hold in light of the significance of the new evidence the court did not abuse its discretion by reopening the case. We also hold that since the trial court, by clear implication, found both prior convictions were true, enhancements may be imposed for both of them.

### I. FACTS AND PROCEEDINGS BELOW

An amended information charged appellant with child molestation in violation of Penal Code section 288, subdivision (a)[1] and with two prior convictions of child molestation, also in violation of section 288, subdivision (a). One of these alleged prior convictions occurred in 1952 and the other occurred in 1976.[2] Appellant pleaded not guilty and denied the priors.

Since appellant challenges the judgment on the basis of the two priors rather than on the basis of his conviction for the substantive crime, we focus our discussion of the facts on the evidence introduced to prove the priors.

Three items of evidence were introduced at the court trial[3] to prove the 1952 conviction. First, the prosecution asked the court to take judicial notice of the California Supreme Court case of *In re Rodriguez* (1975) 14 Cal.3d 639 [122 Cal.Rptr. 552, 537 P.2d 384], in order to prove a Rudolf A. Rodriguez had served 22 years for a 1952 conviction of section 288. Sec-

---

[1]All statutory references are to the Penal Code.

[2]For the remainder of this opinion we sometimes refer to these two alleged prior convictions as "the 1952 conviction," and "the 1976 conviction," or alternatively as "the priors."

[3]Appellant waived his jury trial rights.

ond, the prosecutor introduced the preliminary hearing transcript as evidence of the 1952 conviction. That transcript included appellant's testimony in which he explained he served 20 years in prison for the 1952 conviction and boasted that he himself wrote the successful writ of habeas corpus arguing the sentence he received amounted to cruel and unusual punishment. Third, appellant's parole officer testified appellant's Department of Corrections' file included the 1952 conviction, among others, in a summary of all of appellant's prior convictions. The parties agree this file was not certified.

One item of evidence was introduced to prove the 1976 conviction. This evidence consisted of testimony by appellant's parole agent that appellant had been placed on parole for a 1976 conviction of child molestation in violation of section 288.

At the close of the trial, the court found appellant guilty as charged, but took the issue of the proof of the two priors under submission until the probation and sentencing hearing (hereinafter, "the sentencing hearing"). Accordingly, the judge continued the proceedings until that hearing and indicated he would decide the matter at that time.

At the sentencing hearing, over objection, the court allowed the prosecution to reopen its case. The court received into evidence certified documents from the Department of Corrections (hereinafter the certified documents) which proved both priors.

At the conclusion of the hearing, the court made the following remarks with regard to probation and sentencing:

"This is a probation and sentencing hearing.

"Well, perhaps before I say that, I'll find the alleged prior to be true, conviction of 288 of the Penal Code. I'm not through reading it. 1976, I believe. Yes. That's the one where Judge Choate pronounced sentence. . . .

"[C]ounty jail time is, of course, out of the question.

"When it comes to sex offenses committed against small girls, Mr. Rodriguez has become a legend. His career in that regard starts with a juvenile arrest and continues unabated. Mr. Rodriguez has never been out of state prison, as near as I can guess, for more than a few months at a time, and because of his present predilection, weakness for girls that are much too young, he's demonstrated over and over again that he's incorrigible and a danger. The county jail is not made for people who do things like that to little girls. It is, unfortunately, a disappointment.

"Mr. Rodriguez has to be kept away. How long it's going to take him to burn out, so to speak, is something that I can't say.

"Well, as far as sentence is concerned, probation is denied. Mr. Rodriguez is sentenced to state prison to the high term prescribed by law, which is eight years. The circumstances in aggravation are overwhelming and need not be listed in any detail. I incorporate everything in the probation report.

"This one prior in '76 that I found to be true leads to an enhancement of ten years, if I read that code section correctly. By virtue of the prior, he does another ten years. That's eighteen years. . . .

"I could make it twenty-eight, but I'm just a little reluctant to do so. All right. Eighteen years."

Thus, as to the court's findings on the two priors, the court mentioned the 1976 conviction, but did not specifically mention the 1952 conviction. Instead, the court referred generally to appellant's lengthy record of sex offenses committed against young children. The court then sentenced appellant to state prison for the upper term of eight years for the instant child molestation conviction, with a ten-year enhancement for the 1976 prior.

The court executed a minute order and an abstract of judgment. The abstract of judgment reflects that the sentence enhancement was imposed based on two prior convictions, rather than one. Both documents reflect that the sentence enhancement was imposed under section 667.51, subdivision (c).

Appellant filed a timely notice of appeal.

Appellant urges two grounds for reversal of the sentence enhancement. First, appellant argues the trial court abused its discretion by allowing the prosecution to reopen its case at the sentencing hearing and introduce the certified documents to prove the priors. Second, appellant argues the trial court erred by imposing a 10-year enhancement since only one prior conviction was specifically found to be true.

II. In Light of the Significance of the New Evidence, the Trial Court Did Not Abuse Its Discretion by Allowing the Prosecution to Reopen Its Case.

It is well settled that the trial court has broad discretion to order a case reopened and allow the introduction of additional evidence. (Pen. Code, § 1094; *People* v. *Newton* (1970) 8 Cal.App.3d 359, 383 [87 Cal.Rptr. 394]; *People* v. *Frohner* (1976) 65 Cal.App.3d 94, 110 [135

Cal.Rptr. 153].) No error results from granting a request to reopen in the absence of a showing of abuse. (*People* v. *Benc* (1900) 130 Cal. 159, 165 [62 P. 404].) Moreover, the appellate court decisions upholding an order allowing the prosecution to reopen its case are legion. (E.g., *People* v. *Garvey* (1979) 99 Cal.App.3d 320, 324 [160 Cal.Rptr. 73] [trial judge has discretion to reopen prosecution's case even after defense has rested]; see also Witkin, Cal. Criminal Procedure (1963), Trial, § 434, pp. 435-436 and cases collected therein.)

"Factors to be considered in reviewing the exercise of [the trial court's] discretion include the stage the proceedings had reached when the motion was made, the diligence shown by the moving party in discovering the new evidence, the prospect that the jury would accord it undue emphasis, *and the significance of the evidence.*" (*People* v. *Newton, supra,* 8 Cal.App.3d 359, 383, citations omitted, italics added.)

■ In urging that admitting the certified documents was an abuse of discretion, appellant first argues the prosecution failed to diligently obtain those documents. According to appellant, the trial court abused its discretion by ordering the case reopened in the face of the prosecution's lack of diligence. Appellant also argues the sentencing hearing was such a late stage in the proceedings, it was an abuse to allow the case reopened at that time. We disagree with both of these contentions.

■ Presumably one of the reasons underlying the requirement of diligence is that a jury may accord undue weight to evidence which is admitted close to the time deliberations begin. Since the trial in the instant case was conducted by the court, however, it was unnecessary to consider that a jury might misuse the newly admitted evidence. And in any event, admitting the evidence at the late stage of the proceedings here does not necessarily constitute an abuse since even when a trial is conducted by a jury, the court has discretion to reopen after the jury begins deliberations. (*People* v. *Newton, supra,* 8 Cal.App.3d 359, 383; *People* v. *Frohner, supra,* 65 Cal.App.3d 94, 110.)

We recognize a sentencing hearing is the *last* stage in a criminal trial. We also recognize another reason for the requirement of diligence is that a defendant must be informed of the nature of the evidence against him so that he can properly defend the action. ■ Here, however, the specific question of the proof of the priors had been an issue in the case since the information was filed. Moreover, none of the evidence introduced was disputed. Under these circumstances we do not believe that the new evidence, related entirely to the issue of the priors, caught appellant by surprise or imposed an undue burden on his defense.

Although we believe the prosecution should have diligently obtained the documents and introduced the proof of the priors at the earliest possible time, we agree with the trial court that the significance of this proof compelled an order to reopen the case and admit the evidence. ■ The evidence introduced during the trial to prove the priors may have been inadequate to make a finding on them,[4] whereas the new evidence was decisive on the issue of the proof of the priors. (See *People* v. *Lizarraga* (1974) 43 Cal.App.3d 815, 820-821 [118 Cal.Rptr. 208].) ■ Finally, although appellant objected to admission of the certified documents, he did not seek a continuance to prepare rebuttal evidence. (*In re T. M. R.* (1974) 41 Cal.App.3d 694, 703 [116 Cal.Rptr. 292].) Under these circumstances the trial court properly exercised its discretion. Accordingly we reject this claim of error.

III. DESPITE THAT APPELLANT'S SENTENCE WAS ENHANCED UNDER THE WRONG CODE SECTION, THE 10-YEAR LENGTH OF THE ENHANCEMENT WAS PROPER.

At trial the prosecution sought enhancement of appellant's sentence based on appellant's two prior convictions for child molestation in violation of section 288, subdivision (a).

In its oral pronouncement of sentence, the trial court referred to appellant's lengthy record of convictions for a variety of sex offenses against young children and issued a specific finding that the 1976 prior conviction was true. The trial judge then indicated both that he would impose a 10-year enhancement for the 1976 conviction and that although the statute permitted him to impose a 20-year enhancement based on both priors, he was "reluctant to do so."

The court did not state on the record which section of the penal code he was using to impose the enhancement. However, the abstract of judgment reflects the enhancement was made according to section 667.51, subdivision (c).

Appellant and the Attorney General both argue the abstract of judgment contains a clerical error and that the trial court intended to enhance the sentence according to section 667.51, subdivision (a).

Section 667.51, subdivision (c), cited in the abstract of judgment, authorizes a state prison term of 15 years to life for a person convicted of a

---

[4]We offer no opinion as to whether the three items of evidence offered at trial to prove the 1952 conviction or the one item of evidence offered to prove the 1976 conviction sufficiently proved those priors.

violation of section 288 who has served at least two prior prison terms for certain specified sex crimes.[5] We agree with both parties that the trial court improperly cited this code section when it imposed the 10-year enhancement. Section 667.51, subdivision (c) provides for a term of imprisonment and not an enhancement. Thus, in the instant case, the trial court could have sentenced appellant to 15 years to life based on his prior convictions of child molestation. The court instead chose to sentence appellant under section 288, subdivision (a) which provides for a term of imprisonment of three, six or eight years for a person convicted of child molestation. The decision to sentence under 288, subdivision (a) precluded an additional sentence under section 667.51, subdivision (c), (§ 654)[6] and thus we agree with both parties that entry of section 667.51, subdivision (c) in the abstract of judgment was the result of clerical error.

There also is support in the record to support the conclusion the judge's citation of section 667.51, subdivision (c) was the result of clerical error. When he orally pronounced sentence the trial judge indicated he was basing the sentence enhancement on a statute which authorized imposition of a 10-year enhancement for *each* prior conviction of a sex offense. Although the trial court, by clear implication, found both priors to be true, it regarded a 20-year enhancement as too severe and accordingly chose to enhance on one prior conviction only.

The judge's comments from the bench persuade us that he mistakenly believed he could enhance the sentence under section 667.6, subdivision (b). This section provides a 10-year enhancement for each prior prison term served for a violent sex crime, on the condition the defendant has served two or more such prior prison terms.[7] (See *People* v. *Belmontes* (1983) 34

---

[5]Section 667.51, subdivision (c) provides: "(c) A violation of Section 288 by a person who has served two or more prior prison terms as defined in Section 667.5 for a violation of an offense listed in subdivision (b) is punishable as a felony by imprisonment in the state prison for 15 years to life. For purposes of this subdivision a conviction for a violation of an offense listed in subdivision (b) in which the person was committed to a state hospital shall be the equivalent of a sentence to state prison. The provisions of Article 2.5 (commencing with Section 2930) of Chapter 7 of Title 1 of Part 3 shall apply to reduce any minimum term in a state prison imposed pursuant to this section, but such person shall not otherwise be released on parole prior to such time."

Section 667.51, subdivision (b) provides: "(b) Section 261, 264.1, 285, 286, 288, 288a, or 289."

[6]Section 654 provides in pertinent part: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one . . . ."

[7]Section 667.6, subdivision (b) provides: "(b) Any person convicted of an offense specified in subdivision (a) who has served two or more prior prison terms as defined in Section 667.5 for any offense specified in subdivision (a), shall receive a 10-year enhancement for each such prior term provided that no additional enhancement shall be imposed under this subdivision for any prison term served prior to a period of 10 years in which the person remained free of both prison custody and the commission of an offense which results in a felony conviction."

Cal.3d 335, 343, fn. 3 [193 Cal.Rptr. 882, 667 P.2d 686].) Subdivision (a) of section 667.6 enumerates the violent sex crimes to which the 10-year enhancements may apply.[8] Ten-year enhancements may be imposed for convictions of section 288a, but not for convictions of section 288, subdivision (a). Thus, a cursory reading of section 667.6 leads to the conclusion which we believe was reached by the trial court in this case, that 10-year enhancements may be imposed for section 288, subdivision (a) convictions. By failing to notice that no parenthesis surrounded the "a," as it appeared in section 667.6, the trial court mistakenly applied that section.

We turn to an examination of section 667.51, subdivision (a), since both parties suggest the trial court should have enhanced the sentence according to that section. Section 667.51, subdivision (a) mandates imposition of additional punishment of five years for each prior conviction of certain specified sex offenses.[9] This section does clearly apply to convictions for violations of section 288, subdivision (a) and we agree with the parties that this was the enhancement section the trial court should have applied. Accordingly, the minute order and the abstract of judgment must be corrected to reflect imposition of enhancements under the proper code section. (*People v. Hartsell* (1973) 34 Cal.App.3d 8, 13 [109 Cal.Rptr. 627], citations omitted.)

■ We turn now to appellant's contention that on remand his sentence may not be enhanced by more than five years. This argument is based on the premise the trial court's failure to make a *specific* finding regarding the truth of the 1952 conviction permits imposition of an enhancement on the 1976 conviction only. In this connection appellant primarily relies on the case of *In re Candelario* (1970) 3 Cal.3d 702 [91 Cal.Rptr. 497, 477 P.2d 729].

In *Candelario,* one month after the defendant was remanded to the custody of the sheriff for his conviction of the substantive offense, the trial

[8]Section 667.6, subdivision (a) provides: "(a) Any person who is found guilty of violating subdivision (2) or (3) of Section 261, Section 264.1, subdivision (b) of Section 288, Section 289, or of committing sodomy or oral copulation in violation of Section 286 or 288a by force, violence, duress, menace or threat of great bodily harm who has been convicted previously of any such offense shall receive a five-year enhancement for each such prior conviction provided that no enhancement shall be imposed under this subdivision for any conviction occurring prior to a period of 10 years in which the person remained free of both prison custody and the commission of an offense which results in a felony conviction."

[9]Section 667.51, subdivision (a) provides: "(a) Any person who is found guilty of violating Section 288 shall receive a five-year enhancement for each prior conviction of an offense listed in subdivision (b) provided that no additional term shall be imposed under this subdivision for any prison term served prior to a period of 10 years in which the defendant remained free of both prison custody and the commission of an offense which results in a felony conviction."

Subdivision (b) includes violations of section 288a in the list of offenses to which the enhancement applies.

court filed an amendment to the abstract of judgment which reflected a finding the defendant was also guilty of a prior offense. Our high court rejected the contention the amendment could be made under the authority to correct clerical errors. Although the court conceded an amendment may be filed to correct a clerical error in the abstract of judgment, the record indicated the trial judge's failure to find the prior conviction was true occurred when the judge orally pronounced sentence and not when the judge performed the merely clerical function of entering the judgment in the abstract. (*Id.*, at p. 705.) The pronouncement of judgment is a judicial function, reasoned the court, and "[a]ny attempt by a court, under the guise of correcting clerical error, to 'revise its deliberately exercised judicial discretion' is not permitted." (*Ibid.*, quoting *In re Wimbs* (1966) 65 Cal.2d 490, 498 [55 Cal.Rptr. 222, 421 P.2d 70].) ■ The court in *Candelario* then explained: "Reference to the prior conviction must be included in the pronouncement of judgment for if the record is silent in that regard, *in the absence of evidence to the contrary,* it may be inferred that the omission was an act of leniency by the trial court. In such circumstances the silence operates as a finding that the prior conviction was not true. . . . '[B]eing silent upon a matter of a prior conviction, the judgment must be construed as one imposing a sentence for a first offense only.' " (*Candelario, supra,* at p. 706, citations and fns. omitted; italics added.)

We reject appellant's claim *Candelario* stands for the proposition that if the trial court fails to use specific magic words to indicate it finds prior convictions to be true it cannot impose enhancements. (See also § 1158.)[10] *Candelario* only restricts the imposition of enhancements when the record is ambiguous with regard to the court's findings. The trial judge need not use magic words, but he "must make it clear the defendant is sentenced as one whose prior conviction has been . . . found true." (*People* v. *Mesa* (1975) 14 Cal.3d 466, 472 [121 Cal.Rptr. 473, 535 P.2d 337].) The reason for this restriction is that a defendant is entitled to rely on a trial court's act of leniency without worrying the court may have second thoughts later.

Our inquiry thus addresses whether it is clear from the oral pronouncement of judgment the trial court found both priors true, or only one of them. Here, the trial court mistakenly believed it could impose a 10-year enhance-

---

[10]Section 1158 provides: "Whenever the fact of a previous conviction of another offense is charged in an accusatory pleading, and the defendant is found guilty of the offense with which he is charged, the jury, or the judge if a jury trial is waived, must unless the answer of the defendant admits such previous conviction, find whether or not he has suffered such previous conviction. The verdict or finding upon the charge of previous conviction *may be*: 'We (or I) find the charge of previous conviction true,' or 'We (or I) find the charge of previous conviction not true,' according as the jury or the judge find that the defendant has or has not suffered such conviction. If more than one previous conviction is charged a separate finding must be made as to each." (Italics added.)

ment for each of appellant's priors under section 667.6. The court first determined, as a threshold matter, that appellant had served two prior prison terms for sex crimes.[11] This led to the further conclusion, albeit a mistaken one, that section 667.6, subdivision (b) applied and a 10-year enhancement could be imposed for each prior conviction. The court, in an act of leniency, then decided to impose an enhancement for one of the priors only, because it believed a 20-year enhancement was too severe. The act of leniency was directed at the length of the enhancement and not the number of priors found to be true.

■ Here the language the court used evidences its finding both priors had been proved and thus were available to enhance defendant's sentence. That language also demonstrates the court's leniency was limited to holding defendant's enhancement to ten years rather than twenty.[12] Nothing in the record supports the notion the court only found one prior to be true or that the court really wanted to reduce the enhancement to five years. *Candelario* does not create a technical loophole. It only protects defendants from loss of a substantive benefit—a trial judge's act of leniency during the original sentencing proceeding. This defendant is not threatened with a more severe enhancement than he received initially. Thus *Candelario* does not preclude an imposition of enhancements for both priors.

### DISPOSITION

We conclude this case must be remanded to the trial court for resentencing. The abstract of judgment properly reflects the finding that both priors were found to be true. The minute order and the abstract of judgment must both be corrected to reflect that the enhancements were made under section 667.51, subdivision (a) rather than under section 667.51, subdivision (c). (§ 1260; *People* v. *Hartsell, supra,* 34 Cal.App.3d 8, 13; see also *People* v. *Belmontes, supra,* 34 Cal.3d 335, 349.) Upon resentencing the trial court may impose enhancements on both priors for up to a total of 10 years under section 667.51, subdivision (a). If the trial court decides to enhance on the

---

[11]We do not believe it can be seriously argued the trial court found the 1952 conviction to be untrue. The court's remarks from the bench during the pronouncement of sentence, quoted *supra,* compel the conclusion both priors were found to be true.

[12]The most revealing language is found in the court's statement referring to the total sentence to be imposed on defendant: "I could make it twenty-eight, but I'm just a little reluctant to do so. All right. Eighteen years." This statement was entered when the court was under the impression each prior justified a 10-year enhancement. We also note the proof of both priors was overwhelming.

basis of both priors he should so state on the record. In all other respects, the judgment is affirmed.

Schauer, P. J., and Thompson, J., concurred.