[No. F009142. Fifth Dist. Nov. 15, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
ANTONIO MENDOZA CEJA, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

.

---

\* Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part I.

COUNSEL

J. Courtney Shevelson, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Jane N. Kirkland and Stan Cross, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**ARDAIZ, J.**—On February 24, 1987, an information was filed charging appellant in count I with possession of cocaine for sale (Health & Saf. Code, § 11351.5), and in count II with possession of heroin for sale (Health & Saf. Code, § 11351). It was further alleged with respect to both counts that appellant had a prior felony conviction within the meaning of Health and Safety Code section 11370.2. With respect to count II, it was alleged that appellant had a prior conviction within the meaning of Penal Code section 1203.07, subdivision (a)(3).[1]

On February 25, 1987, appellant was arraigned, pleaded not guilty to both counts, and denied the prior conviction allegations. On June 10, 1987, appellant waived his right to a jury trial. After denying appellant's section 1118 motion for dismissal, the court found defendant guilty of possession of heroin for sale and of possession of cocaine, a lesser included offense of the crime charged in count I (Health & Saf. Code, § 11350). The court also found the prior conviction allegations true.[2] A timely notice of appeal was filed.

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

[2] The court's finding on the special allegation relating to count I was stricken because appellant's conviction for simple possession of cocaine did not come within the meaning of Health and Safety Code section 11370.2.

## FACTS

At 7 a.m. on January 8, 1987, Deputy Sheriff Herman Martinez and numerous officers served a search warrant at 12482 Amethyst Street in Cutler. Deputy Martinez testified that a knock-notice was given in both English and Spanish. Martinez further testified that the officers heard "scuffling-type noises inside the residence" during the 30 seconds they waited before making a forced entry.

On entering the residence, Martinez discovered appellant in the southwest bedroom. Appellant was standing next to a bed, and a television set was on. Although it was very cold in the house, appellant was dressed only in pants and a light shirt. A sweater-jacket that was appellant's size was discovered on the floor in the southwest bedroom next to where appellant was standing. Heroin and cocaine were discovered in the sweater-jacket.

Additional articles of male and female clothing were found in the other bedroom. With the exception of the sweater-jacket, all items of clothing were found "in the center bedroom of the residence on the west side of the house."

Detective Rasmussen testified the house appeared to be abandoned. No utility bills, mail, or other evidence indicated that anyone lived in the house. Although other people apparently had been in the house in the past, no one other than appellant and the police were present when the search was conducted. No one was seen entering or leaving the house immediately prior to service of the search warrant.

I

*Whether There Was Sufficient Evidence*
*to Support Appellant's Conviction*
*for Possession of Drugs\**

. . . . . . . . . . . . . . . . . . . .

---

The abstract of judgment incorrectly provides that the three-year enhancement was imposed pursuant to Penal Code section 1203.07, subdivision (a)(3), which prohibits the granting of probation or suspension of sentence on conviction of Health and Safety Code section 11351. The abstract should reflect imposition of the three-year enhancement pursuant to Health and Safety Code section 11370.2 which the court also found to be true.

\* See footnote, *ante,* page 1296.

## II

*Whether the Trial Court Erred in*
*Failing to Acquit Appellant of the*
*Prior Conviction Enhancement Allegation*

Appellant was charged with a prior conviction enhancement pursuant to Health and Safety Code section 11370.2. Under subdivision (d) of this section, "[t]he enhancements provided for in this section shall be pleaded and proven as provided by law." Appellant denied the prior conviction allegation and then waived jury trial. Under section 1025, "the question whether or not he has suffered such previous conviction must be tried by . . . the court . . . ." Neither side requested that the prior be bifurcated from the trial on guilt.

The prosecutor rested his case-in-chief after presentation of evidence on counts I and II. He had not as yet presented any evidence as to the prior conviction. Appellant then moved for acquittal under section 1118 stating: "I would move under Penal Code Section 1118 to move to dismiss, lack of sufficient evidence to show that my client belonged to the place of abode, the jacket or anything else that was found." Section 1118 provides: "In a case tried by the court without a jury, a jury having been waived, the court on motion of the defendant or on its own motion shall order the entry of a judgment of acquittal of one or more of the offenses charged in the accusatory pleading after the evidence of the prosecution has been closed if the court, upon weighing the evidence then before it, finds the defendant not guilty of such offense or offenses. If such a motion for judgment of acquittal at the close of the evidence offered by the prosecution is not granted, the defendant may offer evidence without first having reserved that right." The trial court denied the motion, and appellant rested without calling any witnesses.

As the prosecutor began his closing argument, the court pointed out the failure to prove the prior conviction. The prosecutor explained he had assumed he would have to obtain a finding on the substantive counts before introducing evidence on the prior conviction. Over defense counsel's objection, the trial court permitted reopening of the case to allow "[t]he certified copies of court documents [to] be received . . . ."

Appellant argues the trial court erred in failing to grant his section 1118 motion and acquit him on the prior conviction enhancement allegation. He argues that at the time the motion was made, no evidence had been presented as to the prior conviction and thus the evidence was insufficient to sustain the prior conviction allegation. He seeks reversal and dismissal of

the court's finding as to the prior conviction and reduction of his sentence by three years.[3]

 The standard of review applicable to a section 1118 motion is well-settled.

"The court must determine ' "whether from the evidence, including reasonable inferences to be drawn therefrom, there is any substantial evidence of the existence of each element of the offense charged. . . ." ' [Citations.] '[T]he court must review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence—that is, evidence which is reasonable, credible and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.' [Citation.]

" '[T]his inquiry does not require a [reviewing] court to "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." [Citation.] Instead, the relevant question is whether, after *viewing the evidence in the light most favorable to the prosecution, any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' (Original italics.) [Citation.] Where the section 1118.1 motion is made at the close of the prosecution's case-in-chief, the sufficiency of the evidence is tested as it stood at that point. [Citations.]" (*People* v. *Trevino* (1985) 39 Cal.3d 667, 695 [217 Cal.Rptr. 652, 704 P.2d 719].)

Neither party disputes that the consistent language of section 1118.1 pertaining to a jury trial and section 1118 pertaining to a court trial results in any distinction as to the test; the sufficiency of the evidence is tested as it stands at the time the motion is made. (*People* v. *Trevino, supra,* 39 Cal.3d at p. 695.)

 Further, it is equally well-settled that a defendant need not articulate the grounds for his motion for acquittal nor is there "any requirement that the motion be made in a particular form." (*People* v. *Belton* (1979) 23 Cal.3d 516, 521 [153 Cal.Rptr. 195, 591 P.2d 485] [counsel's statement "that he did not 'think that we have sufficient evidence here to convict Mr. Belton of any crime. . . .' " constituted proper form for a section 1118 motion (*ibid.,* fn. 6)].)

 The People argue appellant's section 1118 motion did not address the enhancement and was therefore not subject to the provisions of *Trevino.* In other words, they argue that appellant's motion pertained only to counts I and II and failure to include the enhancement within the scope of appel-

---

[3] Judgment of acquittal on the granting of a section 1118 motion is not appealable and bars further prosecution of the same charge. (§ 1118.2.)

lant's motion allows reopening of the People's case to prove the enhancement.

Appellant contends, however, that on appeal the reviewing court must consider all theories of insufficiency, even if they differ from what was argued to the trial court. Under appellant's construction, the making of a section 1118 motion referring to specific aspects of the case (counts I and II) would encompass all other counts and/or enhancements. For example, if there were three counts and an 1118 motion were made as to count I, the unreferred to counts would be included in the compass of the motion.

Appellant seeks support in the majority opinion in *People* v. *Martinez* (1982) 132 Cal.App.3d 119 [183 Cal.Rptr. 256]. In *Martinez,* defendant, accused of multiple robberies, moved to dismiss the counts against him ". . . on the grounds there is no direct evidence that he committed any robberies at all. At best, there is circumstantial evidence that he committed such robberies based on the evidence before the Court." (*Id.* at p. 127.) Absent from the defendant's argument in *Martinez* was any reference to the principal witness's status as an accomplice. The court stated, "Conspicuously absent from counsel's statement is any reference to Heath's status as an accomplice. Because of tactical considerations or inadvertence, defense counsel not only seems to have ignored this point, but in directing the court's attention to other considerations, appears to have accomplished just the opposite. Instead of asking the court to search the record for corroboration of Heath's testimony as an accomplice, counsel focused upon the admitted validity of that testimony as circumstantial evidence, conceding Martinez may have been guilty of receiving stolen property but not guilty of robbery." (*Id.* at pp. 127-128, fn. omitted.)

Although reluctant to do so, the majority in *Martinez* held that *Belton* compelled the conclusion that the making of the motion was sufficient to impose upon the trial court the responsibility to ferret out all possible grounds, stated or not, to grant the motion.

"Recognizing the inherent unfairness to this exceedingly conscientious trial judge whose mental set was diverted from the issue which we now address, we must nevertheless conclude that under *People* v. *Belton* . . . , the motion was procedurally adequate to require the court to determine whether Heath was an accomplice and to search the record for corroboration of his testimony." (*People* v. *Martinez, supra,* 132 Cal.App.3d at p. 128.) The *Martinez* court relied upon the language in *Belton* that a defendant need not articulate the grounds for a section 1118 motion.

"[T]o so construe this section would force a defendant to face the same kind of dilemma from which the Legislature sought to extricate defendants. In effect, a defendant would be forced to choose between: (1) specifying the

defects in the prosecution's case, thereby affording the prosecutor an opportunity to seek to reopen the case in order to cure such defects; (2) making no motion and resting, thereby sacrificing his right to present a defense for fear that later evidence might cure the defects in the prosecution's case; or (3) making no motion, thereby waiving the right to challenge the prosecution's case-in-chief, and proceeding to present a defense. Forcing a defendant to elect among these alternatives would deny him the intended protection of the section. Further, to require a defendant to state specific grounds in support of the motion for acquittal would place the burden upon him to point out to the prosecutor, as well as to the court, the gaps in the prosecution's case. Such a requirement would come perilously close to compelling a defendant to aid in his own prosecution and would lessen the prosecutor's burden to prove each and every element of the case beyond a reasonable doubt." (*People* v. *Belton, supra,* 23 Cal.3d at pp. 521-522, fn. omitted.)

Based upon his interpretation of *Belton* in *Martinez,* appellant analogizes that even though the court's attention was directed to counts I and II, the court also should have addressed the unmentioned separate enhancement. As the *Martinez* court did, we urge reconsideration of *Belton.* We do not find, however, that the logic of the *Martinez* case compels the conclusion that a section 1118 motion directed to specific counts encompasses undesignated counts and enhancements.

*Martinez* addresses deficiencies within a designated count. As the court in *Belton* notes, the purpose of section 1118 is to relieve the defendant of any responsibility for "specifying the defects in the prosecution's case." (*Belton, supra,* 23 Cal.3d at p. 521.) Extension of *Belton* to the present case does not serve this purpose. Rather, it merely would result in injecting "yet more gameplaying in a criminal trial." (*Martinez, supra,* 132 Cal.App.3d at p. 143, fn. 3.)

Unlike *Belton,* in the present case appellant directed his motion to counts I and II—not to the enhancement. Appellant's construction would compel the conclusion that a section 1118 motion directed to specific counts or facts also encompasses undesignated counts or enhancements. Such an interpretation would impose upon a trial judge the obligation to divine all possible deficiencies in the evidence beyond counts and enhancements argued. We recognize the possible argument that under *Belton* a general section 1118 motion as to all counts and enhancements may place such a burden on the trial judge. However, we fail to see what salutary purpose is served by allowing a trial judge to be led by mistake or otherwise in the wrong direction by omitting specific allegations from the motion and including them in an evaluation of that motion on appeal.

Under the circumstances, we cannot deem the enhancement to be encompassed within appellant's section 1118 motion. We conclude that where, as

here, the court's attention is directed toward a specific deficiency in the evidence as to a count or enhancement it need not review the record for all possible deficiencies as to undesignated counts or enhancements. Rather, its review may properly be limited to the count or enhancement argued by counsel. We perceive no inconsistency with this interpretation and the dictates of *Belton.*

■ Appellant further argues the trial court erred in allowing the prosecutor to reopen his case to present evidence on the prior conviction. The trial court has broad discretion to reopen a case to allow introduction of additional evidence. (§ 1094; *People* v. *Rodriguez* (1984) 152 Cal.App.3d 289, 294 [199 Cal.Rptr. 433].) Because the section 1118 motion was not directed to the prior conviction enhancement allegation, there was no legal preclusion to the People's case being reopened. Moreover, appellant was not prejudiced because the new evidence did not come as a surprise, nor did it impose an undue burden on the defense; the prior conviction had been an issue in the case from the time the information was filed.

Clearly, the failure to prove the priors resulted from inadvertence or mistake on the part of the prosecutor and not from an attempt to gain a tactical advantage over appellant. Moreover, other than being denied the benefit of the prosecutor's inadvertence, appellant was not prejudiced by the introduction of evidence on the prior. We, therefore, find no abuse of discretion on the part of the court in allowing the prosecutor to reopen his case in chief to present further evidence.

The trial court is ordered to prepare an amended abstract of judgment which indicates defendant's sentence was enhanced pursuant to Health and Safety Code section 11370.2. The trial court is further ordered to transmit a certified copy of the amended abstract to the Department of Corrections.

In all other respects the judgment is affirmed.

Woolpert, Acting P. J., and Sarkisian, J.,* concurred.

Appellant's petition for review by the Supreme Court was denied February 2, 1989. Mosk, J., and Broussard, J., were of the opinion that the petition should be granted.

---

* Assigned by the Chairperson of the Judicial Council.