[No. F015526. Fifth Dist. June 19, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
BENJAMIN PATRICK GOSS, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of the Statement of Facts and part I of the Discussion.

**COUNSEL**

James H. Dippery, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Acting Assistant Attorney General, Shirley A. Nelson and Stan Cross, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

### HARRIS, J.—

#### STATEMENT OF THE CASE

On July 16, 1990, an information was filed in Stanislaus County Superior Court charging appellant Benjamin Patrick Goss with violation of Penal Code section 459, burglary with intent to commit rape. The information also alleged an enhancement pursuant to Penal Code section 667 for three prior serious felony convictions: conviction of murder, rape and robbery on March 17, 1978 (later amended to Apr. 14, 1978). Appellant pleaded not guilty and denied the prior convictions.

On January 17, 1991, appellant waived his right to a jury trial.

On January 22, 1991, a bench trial was held. Appellant moved for acquittal of both the charged offense and the enhancements pursuant to Penal Code section 1118. The court denied the motion as to the charged offense, but reserved ruling on the priors. At the close of the defense evidence, the court found appellant guilty of first degree burglary.

On February 19, 1991, the court denied appellant's acquittal motion as to the priors and allowed the prosecution to reopen its case to prove the enhancements.

On February 25, 1991, the court found the priors to be true. The court denied probation and appellant was sentenced to an aggregate term of eleven years in state prison: the upper term of six years for burglary plus a consecutive five-year term for the prior murder conviction. Appellant was not sentenced on the other two priors because they had been tried together rather than "brought and tried separately" pursuant to Penal Code section 667, subdivision (a).

On March 7, 1991, appellant timely filed a notice of appeal.

## Statement of Facts, I.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## II.

### The Prosecution Was Properly Allowed to Reopen to Prove the Enhancements.

The information filed against appellant also alleged that he suffered three prior serious felony convictions pursuant to Penal Code section 667. On January 17, 1991, appellant waived his right to a jury trial. On January 22, 1991, the bench trial was held. The prosecution rested its case-in-chief without offering any evidence as to the alleged prior convictions. Appellant moved for an acquittal, pursuant to Penal Code section 1118, of both the primary charge and the enhancements. The prosecutor thought that the priors could not be proven until after a conviction on the primary offense. Defense counsel replied that he never made a motion to sever the enhancements, and they were part of the case-in-chief. The court took the matter under submission and reserved a ruling. The trial continued with appellant's testimony.

At the close of evidence, the court found appellant guilty of burglary. The prosecutor stated that evidence of the prior convictions was immediately available from his office. The court was still undecided "whether or not the priors can be perhaps even alleged and proved after verdict, perhaps even up to the time of judgment," regardless of a bifurcation motion. The prosecution moved to reopen its case to introduce evidence of the prior convictions. The court denied the motion pending a decision on the Penal Code section 1118 motion. It directed both parties to file points and authorities on the application of the acquittal motion to the enhancements.

On February 19, 1991, the court reconvened to consider the acquittal motion. The prosecutor urged the court to follow *People* v. *Ceja* (1988) 205 Cal.App.3d 1296 [253 Cal.Rptr. 132], and allow it to reopen to present evidence of the prior convictions. Defense counsel stated that the judgment had already been entered in the minutes and it was too late to reopen.

The court noted that the final verdict was not entered because it reserved ruling on the Penal Code section 1118 motion. The court relied on *Ceja* and decided that an abuse of discretion would result if it denied the prosecution's motion to reopen. The court granted the defense additional time to prepare for the priors and continued the matter.

---

*See footnote, *ante*, page 702.

On February 25, the continued hearing on the priors was held. The prosecution presented evidence of the three prior convictions. At the conclusion of the evidence, defense counsel again moved for acquittal but refused to divulge the basis of the motion. The motion was denied. The court found the priors to be true.

 Appellant now contends that the acquittal motion should have been granted, and the court improperly permitted the prosecution to reopen its case to prove the priors.

 It is well settled that the trial court has broad discretion to order a case reopened and allow the introduction of additional evidence. (Pen. Code, § 1094; *People* v. *Rodriguez* (1984) 152 Cal.App.3d 289, 294 [199 Cal.Rptr. 433].) Such a decision is proper in the absence of an abuse of discretion. (*People* v. *Rodriguez, supra*, 152 Cal.App.3d at p. 295.) "Factors to be considered in reviewing the exercise of [the trial court's] discretion include the stage the proceedings had reached when the motion was made [citation], the diligence shown by the moving party in discovering the new evidence [citation], the prospect that the jury would accord it undue emphasis [citation], and the significance of the evidence." (*People* v. *Newton* (1970) 8 Cal.App.3d 359, 383 [87 Cal.Rptr. 394], quoted in *People* v. *Rodriguez, supra*, 152 Cal.App.3d at p. 295.)

In *Rodriguez*, defendant was charged with child molestation with two prior convictions of child molestation. At the bench trial, the prosecution introduced evidence in support of the prior convictions. The court found defendant guilty, but took the issue of the priors under submission until the sentencing hearing. At the sentencing hearing, the court allowed the prosecution to reopen its case, over defense objections, to introduce certified documents from California Department of Corrections proving the priors. The priors were then found true. (*People* v. *Rodriguez, supra*, 152 Cal.App.3d at pp. 292-293.) The appellate court upheld the trial judge's decision to permit additional evidence. The specific question of the proof of the priors had been an issue in the case since the filing of the information. None of the additional evidence was disputed. Any possibility of prejudicing the jury was eliminated by the presence of a bench trial. (*Id.* at p. 295.) While the prosecution should have "diligently obtained the documents and introduced the proof of the priors at the earliest possible time, we agree with the trial court that the significance of this proof compelled an order to reopen the case and admit the evidence. The evidence introduced during the trial to prove the priors may have been inadequate to make a finding on them, whereas the new evidence was decisive on the issue of the proof of the priors." (*Id.* at p. 296, fn. omitted.)

In *People* v. *Ceja*, *supra*, 205 Cal.App.3d 1296, defendant was charged with narcotics violations and an enhancement for a prior felony conviction. A bench trial was held, and the prosecution presented the case-in-chief without introducing evidence of the prior conviction. Defendant then moved for acquittal pursuant to Penal Code section 1118 based on the lack of evidence on the narcotics charges. As the prosecutor began his closing argument, the court pointed out that he had failed to prove the prior conviction. The prosecutor responded that he thought a finding had to be made on the substantive counts before introducing evidence of the prior conviction. The court permitted the prosecutor to reopen for evidence of the prior conviction over the objections of defendant. (205 Cal.App.3d at p. 1300.)

On appeal, defendant argued that the court should have granted the Penal Code section 1118 motion as to the prior enhancement because of the lack of such evidence in the case-in-chief. This court held that the enhancement was not within defendant's section 1118 motion. "We conclude that where, as here, the court's attention is directed toward a specific deficiency in the evidence as to a count or enhancement it need not review the record for all possible deficiencies as to undesignated counts or enhancements. Rather, its review may properly be limited to the count or enhancement argued by counsel." (205 Cal.App.3d at pp. 1303-1304.)

This court also rejected defendant's claim that the court abused its discretion in permitting the prosecution to reopen its case.

"Because the section 1118 motion was not directed to the prior conviction enhancement allegation, there was no legal preclusion to the People's case being reopened. Moreover, appellant was not prejudiced because the new evidence did not come as a surprise, nor did it impose an undue burden on the defense; the prior conviction had been an issue in the case from the time the information was filed." (205 Cal.App.3d at p. 1304.) The prosecution's failure to prove the priors "clearly" resulted from "inadvertence or mistake on the part of the prosecutor," rather than an attempt to gain a tactical advantage over defendant. Defendant was not prejudiced by the introduction of the evidence, "other than being denied the benefit of the prosecutor's inadvertence." (*Ibid.*) The court did not abuse its discretion in granting the prosecution's motion.

Appellant suggests an inference arises from *Ceja* that a trial court is "legally precluded" from granting a motion to reopen if a Penal Code section 1118 motion is directed to the prior convictions. To the extent that *Ceja* might be subject to such a strained interpretation, we reject such an interpretation. The first sentence of the above quoted language from *Ceja* should

not be read as exclusive. The stage the proceedings had reached when the motion was made is but one factor for the trial court to consider. (*People* v. *Rodriguez, supra*, 152 Cal.App.3d at p. 295.) ▆ The court always has discretion to allow the prosecution to reopen after a section 1118 motion so long as the court is convinced that the failure to present evidence on the issue was a result of "inadvertence or mistake on the part of the prosecutor and not from an attempt to gain a tactical advantage over [the defendant]." (*People* v. *Ceja, supra*, 205 Cal.App.3d at p. 1304.)[2] The court, in exercising its discretion, must also consider the diligence shown by the moving party in discovering the new evidence, the prospect the jury would accord it undue emphasis, and the significance of the evidence. (*People* v. *Rodriguez, supra*, 152 Cal.App.3d at p. 295.)

▆ In the instant case, the prosecutor filed a declaration in support of his motion to reopen stating that he failed to present evidence of the priors during the case-in-chief through his own "inadvertence," even though the evidence had been prepared in anticipation of trial. The prosecutor was apparently used to a jury trial and bifurcation and thought that proof of the priors was not necessary until after a conviction. This case is distinguished from *Ceja* in that defense counsel clearly included the enhancements within the Penal Code section 1118 motion. Under the circumstances, however, the court did not abuse its discretion in permitting the prosecution to reopen the case to introduce evidence of the prior convictions. Appellant does not allege any surprise or prejudice from the late introduction of such evidence, and in fact admitted his prior convictions during his testimony. As in *Ceja* and *Rodriguez*, the significance of the evidence required the reopening of the case, and there was no jury to be prejudiced. The court properly denied the section 1118 motion and allowed further prosecution evidence on the priors.

DISPOSITION

The judgment is affirmed.

Thaxter, Acting P. J., and Moffat, J.,* concurred.

A petition for a rehearing was denied July 13, 1992.

---

[2]See also *People* v. *Kennedy* (1920) 48 Cal.App. 545, 546 [192 P. 556]; *People* v. *Hamil* (1925) 73 Cal.App. 649, 653 [238 P. 1075]; *People* v. *Wescott* (1950) 99 Cal.App.2d 711, 713-714 [222 P.2d 256]; *People* v. *Coleman* (1950) 100 Cal.App.2d 797, 803-804 [224 P.2d 837].

*Judge of the Madera Superior Court sitting under assignment by the Chairperson of the Judicial Council.