[No. B149731. Second Dist., Div. Six. Jan. 22, 2002.]

THE PEOPLE, Plaintiff and Respondent, v.
KEVIN DWANE NORRIS, Defendant and Appellant.

**COUNSEL**

Joseph L. Ungvari, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General,

Scott A. Taryle and Alene M. Games, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**COFFEE, J.**—Kevin Dwane Norris appeals from a judgment entered after a jury convicted him of petty theft with a prior. (Pen. Code, § 666.)[1] He contends the trial court erred when it made a true finding on a prior prison term enhancement, having previously granted a motion under section 1118 to "acquit" him of that allegation. We conclude that section 1118 does not apply to recidivist allegations and affirm the judgment.

### FACTS AND PROCEDURAL HISTORY

Appellant shoplifted three ceiling fan remote controls from Home Depot and was apprehended by store security. The Los Angeles County District Attorney filed an information charging him with petty theft with a prior and alleging that he had suffered two prior convictions under the "Three Strikes" law and had served seven prior prison terms under section 667.5, subdivision (b). One of the prior prison term allegations was based on a 1989 conviction of sale of a substance in lieu of a controlled substance in violation of Health and Safety Code section 11350.

After the jury returned a guilty verdict on the charged petty theft, a bifurcated court trial was held on the Three Strikes and prison prior allegations. At the beginning of this bifurcated hearing, the prosecution indicated that it would be proceeding on only one of the Three Strikes allegations and five of the prison priors. The 1989 conviction was not among these five prison priors.

The prosecution submitted a prison packet under section 969b and offered a stipulation that a qualified expert would testify that appellant's fingerprints matched those in the prison records. Records from the 1989 conviction were included in the prison packet. The defense brought a motion for acquittal under section 1118 as to the Three Strikes allegation that the prosecution had not pursued and the 1989 prison prior. The court granted the motion.

The court returned true findings on the remaining allegations and proceeded to sentence appellant during the same hearing. It considered and denied motions to reduce the current offense to a misdemeanor and to dismiss the remaining Three Strikes allegation. While pronouncing sentence,

---

[1] All statutory references are to the Penal Code unless otherwise stated.

the court stated that it was vacating its earlier finding of "not guilty" on the 1989 prison prior. It explained that it had reviewed the prison records again and determined that appellant had served a separate prison term for that felony conviction. Neither party objected, and the court found the 1989 prison prior to be true. The 11-year sentence imposed by the court included a consecutive one-year term for this enhancement.

DISCUSSION

Appellant does not dispute that he served a separate prison term for the 1989 conviction or that this term qualified as an enhancement under section 667.5, subdivision (b). He argues that imposition of the enhancement was improper because once the court granted the section 1118 motion to acquit him of that allegation, it did not have the power to change its ruling. Appellant relies primarily on section 1118.2, which provides, "A judgment of acquittal entered pursuant to the provisions of Section 1118 or 1118.1 shall not be appealable and is a bar to any other prosecution for the same offense."

If the court's initial ruling on the 1989 prison prior was an " 'acquittal entered pursuant to the provisions of Section 1118,' " further proceedings on that allegation would be barred. (*Mouser v. Superior Court* (1982) 136 Cal.App.3d 110, 113, 114-115 [186 Cal.Rptr. 21] [court could not "correct" judgment of acquittal entered two hours earlier].) We conclude that the purported acquittal was ineffective, because sections 1118 and 1118.2 do not apply to status-based, recidivist allegations such as prior prison term enhancements.

Section 1118 (like its companion provision, § 1118.1) establishes a procedure for summary acquittal when the prosecution presents insufficient evidence of a criminal charge during its case-in-chief. It provides in relevant part, "In a case tried by the court without a jury . . . the court on motion of the defendant or on its own motion shall order the entry of a judgment of acquittal of one or more of the offenses charged in the accusatory pleading after the evidence of the prosecution has been closed if the court, upon weighing the evidence then before it, finds the defendant not guilty of such offense or offenses."

Section 1118 allows the court to enter an "acquittal" on an "offense." A sentence enhancement for a prior prison term is based on the defendant's status as a recidivist, and is not an element of the charged offense. (*People v. Gokey* (1998) 62 Cal.App.4th 932, 936 [73 Cal.Rptr.2d 134].) " 'A defendant cannot be "acquitted" of that status any more than he can be "acquitted" of

being a certain age or sex or any other inherent fact.'" (*People v. Monge* (1997) 16 Cal.4th 826, 839 [66 Cal.Rptr.2d 853, 941 P.2d 1121]; see also *Monge v. California* (1998) 524 U.S. 721, 729 [118 S.Ct. 2246, 2250-2251, 141 L.Ed.2d 615] [sentencing decisions such as finding on prior conviction allegation generally cannot be analogized to acquittal].)

The plain language of section 1118 thus renders it inapplicable to recidivist allegations such as prison priors. ■ When a statute is clear and unambiguous, it should be given literal effect by the courts unless to do so would violate the clear statutory purpose. (*People v. Dorsey* (1999) 75 Cal.App.4th 729, 733 [89 Cal.Rptr.2d 498].)

■ The statutory purpose underlying section 1118 does not require us to deviate from its plain language by extending the summary acquittal procedure to recidivist allegations. ■ Section 1118 was designed to terminate a prosecution for an offense or offenses at the earliest possible time when the prosecution's own evidence is insufficient to support a conviction. (*People v. Valerio* (1970) 13 Cal.App.3d 912, 920-921 [92 Cal.Rptr. 82]; *People v. Odom* (1970) 3 Cal.App.3d 559, 565 [83 Cal.Rptr. 520].) This marked a change from the former law, under which the defendant's alternatives were "(1) to rest at the close of the prosecution's case, gambling that the court shares his opinion [of the prosecution's evidence], or (2) to proceed with presenting his defense." (*People v. Belton* (1979) 23 Cal.3d 516, 521 [153 Cal.Rptr. 195, 591 P.2d 485].) ■ A defendant faces no similar dilemma about whether to proceed when the prosecution produces insufficient evidence on a recidivist allegation. Typically, such allegations are proved by certified court and prison documents, and affirmative defense evidence is offered only infrequently. (See *People v. Monge*, *supra*, 16 Cal.4th at p. 838.)

We recognize that other appellate decisions have assumed that section 1118 applies to recidivist enhancements. (See, e.g., *People v. Goss* (1992) 7 Cal.App.4th 702, 708 [9 Cal.Rptr.2d 412]; *People v. Ceja* (1988) 205 Cal.App.3d 1296, 1304 [253 Cal.Rptr. 132].) These cases did not squarely address the issue presented here. Moreover, they were decided before our Supreme Court's decision in *People v. Monge*, *supra*, 16 Cal.4th 826, which held that double jeopardy does not bar a retrial on recidivist allegations when the true findings on those allegations have been reversed on appeal for insufficient evidence. Absent clear indicia that the Legislature intended to extend sections 1118 and 1118.2 to recidivist allegations, it would make little sense to hold that an order of "acquittal" under these provisions bars further proceedings on an allegation when a reversal for legal insufficiency,

which is the functional equivalent of an acquittal (*People v. Hatch* (2000) 22 Cal.4th 260, 272 [92 Cal.Rptr.2d 80, 991 P.2d 165]), does not.[2]

There was no effective "judgment of acquittal" on the 1989 prison prior. The court did not purport to dismiss the allegation under any other provision of law. Though the prosecution indicated at the beginning of the hearing that it would not pursue the 1989 prison prior, it lacked the power to unilaterally dismiss the allegation. (§ 1386; *Bradley v. Lacy* (1997) 53 Cal.App.4th 883, 895 [61 Cal.Rptr.2d 919].)

The court's order vacating its earlier finding on the enhancement was essentially an order reopening the case and is reviewed for abuse of discretion. (See *People v. Goss, supra,* 7 Cal.App.4th at p. 708; *People v. Rodriguez* (1984) 152 Cal.App.3d 289, 295 [199 Cal.Rptr. 433].) There was no abuse here, where it appears that the prosecution's initial election not to proceed was based on "inadvertence or mistake" in concluding that the 1989 conviction did not result in a separate prison term. (See *Goss,* at p. 708.) The true finding on the 1989 prison prior was made shortly after the purported acquittal during the same hearing. Appellant did not object and does not allege that he was unfairly surprised or prejudiced.

Our decision today applies only to status-based, recidivist allegations such as the prior prison term enhancement under section 667.5, subdivision (b). We express no opinion whether section 1118 applies to conduct-based enhancements such as those for firearm use or infliction of great bodily injury during the commission of the charged offense. (See, e.g., §§ 12022.5, 12022.53, 12022.7; *People v. Coronado* (1995) 12 Cal.4th 145, 156-157 [48 Cal.Rptr.2d 77, 906 P.2d 1232]; *People v. Tassell* (1984) 36 Cal.3d 77, 90 [201 Cal.Rptr. 567, 679 P.2d 1], overruled on unrelated grounds in *People v. Ewoldt* (1994) 7 Cal.4th 380, 398-401 [27 Cal.Rptr.2d 646, 867 P.2d 757].)

The judgment is affirmed.

Yegan, Acting P. J., and Perren, J., concurred.

Appellant's petition for review by the Supreme Court was denied April 17, 2002.

---

[2]For similar reasons, we reject the argument that federal and state double jeopardy principles bar the imposition of the 1989 prison prior. (*People v. Monge, supra,* 16 Cal.4th at pp. 843, 844-845.)