Filed 2/17/15  P. v. Jackson CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>CLIFFORD D. JACKSON,<br><br>Defendant and Appellant. | B254323<br><br>(Los Angeles County<br>Super. Ct. No. TA127399) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Ricardo R. Ocampo, Judge.  Affirmed.

Michele A. Douglass, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Lance E. Winters, Senior Assistant Attorney General, Linda C. Johnson, and Theresa A. Patterson, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Clifford D. Jackson was convicted following a jury trial of attempted premeditated murder, shooting at an occupied vehicle and possession of a firearm by a felon with true findings on related firearm-use enhancements for two of the counts. On appeal Jackson contends his trial counsel was constitutionally ineffective for failing to move for a directed verdict on the felon-in-possession count after the prosecution, informed by defense counsel that Jackson intended to stipulate to the prior felony conviction, omitted from its case-in-chief any evidence Jackson was a convicted felon. (Evidence of Jackson's prior felony conviction was submitted in the prosecution's rebuttal case after Jackson testified at trial and denied he was a convicted felon.) We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *The Information*

Jackson was charged in a second amended information with attempted premeditated murder (Pen. Code, §§ 187, subd. (a), 664)[1] (count 1), shooting at an occupied motor vehicle (§ 246) (count 2) and possession of a firearm by a felon (§ 29800, subd. (a)(1)) (count 4).[2] It was specially alleged as to counts 1 and 2 that Jackson had personally and intentionally discharged a firearm causing great bodily injury (§ 12022.53, subds. (c), (d)).

2. *The Trial*

According to the evidence at trial Jackson and his estranged wife, Norma Jackson, were in the middle of contentious divorce proceedings. On March 12, 2013 the family court awarded Norma Jackson the couple's house, prompting Jackson to declare loudly to his attorney in court and in Norma Jackson's presence, "I don't need you anymore. If she's dead, how can she pay me?" The next morning, Jackson pulled his car up next to Norma Jackson's while she was driving to work, pulled out a gun and fired at her head. Norma Jackson ducked, but was hit seven times; several of the shots penetrated her lower

---

[1]     Statutory references are to the Penal Code.

[2]     Neither the original nor amended information contained a count 3.

2

back, legs and hips. Police found a gun in the trunk of Jackson's car that ballistics tests confirmed was the same one used in the shooting.

At the beginning of trial both Jackson and his counsel informed the court Jackson intended to stipulate to the prior felony conviction for purposes of count 4. Jackson's counsel also informed the jury during opening statement Jackson would admit to being a felon. The prosecution rested its case-in-chief, "subject to the introduction of exhibits," without introducing evidence Jackson had been convicted of a felony.

Jackson testified in his own defense. He did not deny shooting his estranged wife. He explained he had taken several pain pills and consumed alcohol the day of the shooting, "blanked out" as a result of the combination of medication and alcohol and could not have formed the necessary specific intent for attempted deliberate and premeditated murder. On cross-examination Jackson denied he had a felony conviction. At a sidebar conference, Jackson's counsel urged the court to prohibit the prosecutor from questioning Jackson further about his conviction in light of Jackson's expressed intent to stipulate to that fact. The court overruled the objection, observing Jackson's denial had opened the door to further questioning. Later during cross-examination Jackson admitted he had been convicted in 1994 for carrying a concealed firearm, a felony, but insisted the offense had been reduced to a misdemeanor after he had completed probation. On rebuttal the prosecutor introduced a certified record of Jackson's prior felony conviction for carrying a concealed firearm. Other than Jackson's own testimony, there was no evidence his prior felony conviction had ever been reduced to a misdemeanor.

3. *The Verdict and Sentence*

The jury convicted Jackson on all counts and found the specially alleged firearm-use enhancements true. Jackson was sentenced to an aggregate indeterminate state prison term of 32 years to life.[3]

---

[3] The court imposed a concurrent three-year sentence for Jackson's felon-in-possession conviction—the only count at issue in this appeal.

3

**DISCUSSION**

1. *Governing Law and Standard of Review*

To establish ineffective assistance of counsel under either the federal or state constitutional guarantee, a defendant must show "'"'that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms, and that counsel's deficient performance was prejudicial, i.e., that a reasonable probability exists that, but for counsel's failings, the result would have been more favorable to the defendant."'"'" (*In re Crew* (2011) 52 Cal.4th 126, 150; see *Strickland v. Washington* (1984) 466 U.S. 668, 694 [104 S.Ct. 2052, 80 L.Ed.2d 674].) "'The burden of sustaining a charge of inadequate or ineffective representation is upon the defendant. The proof . . . must be a demonstrable reality and not a speculative matter.'" (*People v. Karis* (1988) 46 Cal.3d 612, 656.)

There is a presumption the challenged action or inaction "'"might be considered sound trial strategy"'" under the circumstances. (*Strickland v. Washington*, *supra*, 466 U.S. at pp. 689, 694; accord, *People v. Gamache* (2010) 48 Cal.4th 347, 391.) On a direct appeal a conviction will be reversed for ineffective assistance of counsel only when the record demonstrates there could have been no rational tactical purpose for counsel's challenged act or omission. (*Gamache*, at p. 391; *People v. Anderson* (2001) 25 Cal.4th 543, 569.) Moreover, even when error is shown, reversal is improper unless there is a "reasonable probability" that, absent the error, the defendant would have received a more favorable result. (*In re Champion* (2014) 58 Cal.4th 965, 1007; *Gamache,* at p. 391.)

2. *Jackson Has Failed To Demonstrate Ineffective Assistance of Counsel*

Jackson contends his trial counsel was constitutionally ineffective for failing to move for a directed verdict on the felon-in-possession charge after the People rested their case-in-chief without presenting evidence of Jackson's prior felony conviction. (See § 1118.1 ["[i]n a case tried before a jury the court on motion of the defendant or on its own motion, at the close of the evidence on either side, and before the case is submitted to the jury for decision, shall order the entry of a judgment of acquittal of one or more of the offenses charged in the accusatory pleading if the evidence then before the court is

4

insufficient to sustain a conviction of such offense"].)  He contends, had a motion for directed verdict been made on that count, it necessarily would have been granted; and not only would he have been acquitted on that count, but also he would not have had to address his prior conviction during his trial testimony.

Far from being constitutionally ineffective, defense counsel's sound trial strategy was clear from the outset:  Jackson would stipulate to the prior felony eliminating the need for the jury to hear evidence of the nature of the crime.  Defense counsel's failure to move for a directed verdict after the prosecution omitted evidence of the felony conviction during its case-in-chief was not only reasonable, it was good practice.  Indeed, having already assured the court, the prosecutor and the jury of Jackson's intent to stipulate to the issue, defense counsel would have undermined his own credibility with the court had he moved for a directed verdict on that ground.[4]  It also would not have assisted Jackson.  We are confident the trial court under the circumstances presented would have denied the motion for directed verdict and simply permitted the prosecution to reopen its case-in-chief to supply evidence of the felony conviction.  (See § 1094 [authorizing trial court, in its sound discretion, to alter order of proceedings articulated in § 1093]; *People v. Riley* (2010) 185 Cal.App.4th 754, 764-765 [trial court has discretion to permit prosecution to reopen its case-in-chief after defense had made a motion for acquittal under § 1118.1]; *People v. Rodriguez* (1984) 152 Cal.App.3d 289, 295 [same].)  Simply stated, Jackson has not demonstrated error or prejudice.

---

[4]     It is reasonable to infer from the record the prosecutor would have introduced the readily accessible certified record of Jackson's felony conviction in the People's case-in-chief absent Jackson and his counsel's repeated assurances to the court and to the jury that Jackson would stipulate to that fact.

## DISPOSITION

The judgment is affirmed.


PERLUSS, P. J.


We concur:


WOODS, J.


FEUER, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.