United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 5, 2005**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 03-41742

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

ARTURO GUTIERREZ-RAMIREZ, a/k/a RODRIGO VACA,

Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Texas

Before DAVIS, SMITH and DeMOSS, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Defendant Arturo Gutierrez-Ramirez (Gutierrez-Ramirez) challenges a 16-level enhancement of his sentence based on a prior conviction for a "drug trafficking offense" as authorized by § 2L1.2 (b)(1)(A)(i) of the United States Sentencing Guidelines ("Guidelines"). We conclude that the district court erred in using a California abstract of judgment to determine whether the defendant's prior California conviction qualified as a "drug trafficking offense." We therefore VACATE Gutierrez-Ramirez's

sentence and REMAND for resentencing in accordance with this opinion and the Supreme Court's recent opinion in United States v. Booker, 125 S.Ct. 738 (2005).

I.

Gutierrez-Ramirez pleaded guilty to the offense of illegal re-entry into the United States after deportation in violation of 8 U.S.C. § 1326 (a) & (b).[1]  The Presentencing Report ("PSR") recommended a base offense level of 8 pursuant to § 2L1.2 of the United States Sentencing Guidelines ("Guidelines"),[2] and a 16-

---

[1] 8 U.S.C. § 1326 provides in pertinent part:
    (a) In general
        Subject to subsection (b) of this section, any alien who--
        (1) has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter
        (2) enters, attempts to enter, or is at any time found in, the United States, unless...the Attorney General has expressly consented to the alien's reapplying for admission...
    shall be fined under Title 18, or imprisoned not more than 10 years, or both;
    (b) Criminal penalties for reentry of certain removed aliens
        Notwithstanding subsection (a) of this section, in the case of any alien described in such subsection---
        (2) whose removal was subsequent to a conviction for the commission of an aggravated felony, such alien shall be fined under such Title, imprisoned not more than 20 years, or both.

[2] The district court sentenced Gutierrez-Ramirez using the 2002 edition of the Guidelines with the April 30, 2003, amendments; all references to the Guidelines contained herein are from this version.

2

level enhancement for a past conviction of a "drug trafficking offense for which the sentence imposed exceeded 13 months" pursuant to § 2L1.2 (b)(1)(A)(i) of the Guidelines.[3] The recommended enhancement was based on Gutierrez-Ramirez's 1995 California conviction for violating CAL. HEALTH & SAFETY CODE § 11352 (a) ("§ 11352 conviction").[4] The PSR also recommended a two-level reduction for acceptance of responsibility resulting in a total offense level of 22.

Gutierrez-Ramirez objected to the PSR's characterization of his § 11352 conviction as a "drug trafficking offense." His written objection stated:

> "[W]ithout seeing the indictment, and knowing the precise statute under which the convictions were obtained (as well as the elements of the offenses of conviction), it is urged that same are no more than aggravated felonies, triggering an eight-level upward adjustment." R. 1, 19.(Parenthetical in original).

---

[3]Part (1)(B)(iii) of the Commentary to § 2L1.2 of the Guidelines defines "drug trafficking offense" in pertinent part as follows:
> "Drug trafficking offense" means an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance...or the possession of a controlled substance...with intent to manufacture, import, export, distribute, or dispense.

[4]CAL. HEALTH & SAFETY CODE § 11352 (a) (West 1996) provides in pertinent part:
> [E]very person who transports, imports into this state, sells, furnishes, administers, or gives away, or offers to transport, import into this state, sell, furnish, administer, or give away, or attempts to import into this state or transport [a controlled substance of the types listed], shall be punished by imprisonment in the state prison for three, four, or five years.

At the sentencing hearing, Gutierrez-Ramirez's attorney again objected to the 16-level enhancement, this time arguing:

> "I had filed an objection on the basis that the statute under which [Gutierrez-Ramirez] was convicted permits a conviction for transportation of a controlled substance, and it is our position that merely transporting a controlled substance would not be a drug trafficking offense..." R. 3, 4.

In response, the district court asked the government to provide a copy of the indictment or judgment for the § 11352 conviction. The government was able to locate neither, but the Probation Officer produced the abstract of judgment, which the district court accepted. Because the abstract identified the § 11352 conviction as "sell cocaine," the district court concluded that Gutierrez-Ramirez's past conviction was not based on the much broader "transportation section" of § 11352, and thus qualified as a "drug trafficking offense."

After deducting another point for acceptance of responsibility, the district court determined that Gutierrez-Ramirez's total offense level was 21. His criminal history category of V resulted in a Guidelines sentence range of 70 to 87 months.[5] Gutierrez-Ramirez was sentenced to 70 months'

---

[5]We read Gutierrez-Ramirez's brief as conceding that, instead of the 16-level enhancement, he should have received a 12-level enhancement for a prior "drug trafficking offense for which the sentence imposed was 13 months or less" under § 2L1.2 (b)(1)(B) for his previous conviction for violating OR. REV. STAT. § 475.992. Appellant's Brief at 12. With this enhancement, his total offense level would have been 17 and his Guidelines sentence range would have been 46 to 57 months.

imprisonment, and took this appeal.

II.

A.

Gutierrez-Ramirez argues first that the district court improperly used an abstract of judgment to decide that his § 11352 conviction qualified as a "drug trafficking offense." The government argues that, because Gutierrez-Ramirez filed a general objection to the enhancement, and did not specifically object to the district court's use of the abstract of judgment, we should review this issue for plain error. We disagree.

The purpose of requiring a defendant to object to preserve an issue for review is to encourage defendants to call the court's attention to the potential error "in such a manner so that the district court may correct itself and thus, obviate the need for [appellate] review." United States v. Rodriquez, 15 F.3d 408, 414 (5th Cir. 1994) (quoting United States v. Bullard, 13 F.3d 154, 156 (5th Cir. 1994)). As discussed above, Gutierrez-Ramirez filed written objections to the PSR in which he argued that, without referring to the indictment, it was impossible to say whether his § 11352 conviction qualified as a "drug trafficking offense." He also renewed his objection by orally objecting at the sentencing hearing, and argued that § 11352 was too broad to qualify as a "drug trafficking offense." The transcript of the sentencing hearing reflects that the district court considered the propriety of using the abstract of

5

judgment.[6]  We conclude that appellant's objection was specific enough to preserve his challenge to the enhancement before this court.  Therefore, we review the district court's enhancement *de novo*.  <u>United States v. Calderon-Pena</u>, 383 F.3d 254, 256 (5th Cir. 2004) (en banc), *cert. denied,* 125 S. Ct. 932(2005).

B.

Gutierrez-Ramirez argues next that, using the categorical approach this court employed in <u>Calderon-Pena</u>, his 1995 conviction for violating § 11352 does not qualify as a "drug trafficking offense" under the Guidelines.[7]  The government does

---

[6]The transcript of the sentencing hearing shows that the district court considered the propriety of using the abstract:

THE COURT:  This is an abstract of judgment.  It's not even the actual judgment form.  So this isn't even really - the judgment itself may actually have - and it says 'sell cocaine'. The crime here is sell cocaine.  Is this the judgment you're talking about?

DEFENSE:  I haven't seen it, Your Honor, but it -

THE COURT:  Well, it says, 'sells cocaine'.  I mean, so, therefore, the transportation section doesn't even come into being...[a]nd so, therefore, that objection would have to be overruled.

R. 3, 5-6.

[7]The "categorical approach" finds its origins in <u>United States v. Taylor</u>, 495 U.S. 575 (1990).  Under this approach, we examine the elements of the prior offense, rather than the facts underlying the conviction, to determine whether the prior offense meets the enhancement definition provided in the Guidelines.  <u>See United States v. Rodriguez-Rodriguez</u>, 323 F.3d 317, 318-319 (5th Cir. 2003); <u>United States v. Chapa-Garza</u>, 243 F.3d 921, 924 (5th Cir. 2001)(Using categorical approach for prior aggravated felony conviction).  Thus, our focus is on the statute of conviction, not the underlying conduct of the prior offense.  <u>See Calderon-Pena</u>,

not seriously challenge that, if the categorical approach applies in this case, § 11352 can be violated by conduct that would not constitute a "drug trafficking offense."  The government argues that under United States v. Rodriquez-Duberney, 326 F.3d 613 (5th Cir. 2003), we need not use the categorical approach to review the propriety of a Guidelines enhancement for a prior "drug trafficking offense," but rather may look to sources such as the PSR for the underlying facts of the prior conviction.

In Rodriquez-Duberney, the defendant argued that his previous conviction for violating the Travel Act (18 U.S.C. § 1952) was not a "drug trafficking offense" in light of United States v. Gracia-Cantu, 302 F.3d 308 (5th Cir. 2002) and United States v. Chapa-Garza, 243 F.3d 921 (5th Cir. 2001), two cases using the categorical approach.  Id. at 616.  The court distinguished Gracia-Cantu and Chapa-Garza on the grounds that the Guidelines definition of "crime of violence," at issue in those cases, included the words "by its nature," and this phrase required the courts in Gracia-Cantu and Chapa-Garza to use the categorical approach.[8]  Id.  Thus, because the Guidelines

_____

383 F.3d at 257.  If the statute criminalizes conduct that does not fall within the enhancement definition provided in the Guidelines, the prior offense cannot be used to enhance the defendant's sentence.

[8]The current definition of "crime of violence" found in the Commentary to § 2L1.2 of the Guidelines no longer contains the phrase "by its nature" that was found to trigger the categorical approach in Gracia-Cantu and Chapa-Garza.  The definition of "crime of violence" now includes the phrase "as an element," which we have

7

definition of "drug trafficking offense" does not include the "by its nature" language, the panel in Rodriguez-Duberney declined to follow the categorical approach. Id. at 617.

Although Rodriguez-Duberney did decline to use the categorical approach and look only to the elements of the offense of the prior conviction, the court did not authorize reference to a source other than the indictment to determine whether the prior conviction could be classified as a "drug trafficking offense." We therefore do not read Rodriguez-Duberney to give the district court carte blanche authority to consider sources beyond the indictment and jury instructions to determine whether defendant's prior conviction qualifies for a sentencing enhancement under the Guidelines.[9]

The government next argues that, while our caselaw may forbid considering underlying facts in the PSR to determine whether the prior offense qualifies as a "drug trafficking offense," it does not prohibit a sentencing court from considering information in an abstract of judgment. We generally have interpreted Taylor to allow courts to look to limited parts of the record, such as the indictment and jury instructions, to

_____

held also triggers the categorical approach. See United States v. Vargas-Duran, 356 F.3d 598, 605 (5th Cir. 2003) (en banc), *cert. denied*, 541 U.S. 965 (2004).

[9]Rodriguez-Duberney quoted a passage from Taylor permitting consideration of both the indictment and jury instructions to determine whether a prior conviction qualifies for a sentence enhancement. 326 F.3d at 617.

determine whether a defendant was convicted under part of a statute that meets the enhancement definition.[10]  In United States v. Navidad-Marcos, 367 F.3d 903 (9th Cir. 2004), the Ninth Circuit carefully considered whether to include California abstracts of judgment as a source to identify the defendant's conduct in a prior conviction, and we find its opinion persuasive in this case.

In Navidad-Marcos, the defendant argued that his prior conviction for violating CAL. HEALTH AND SAFETY CODE § 11379 (a) did not qualify as a "drug trafficking offense" under the Guidelines. Id. at 906.  The district court agreed that § 11379 could be violated by conduct that would not qualify as "drug trafficking." Id.  The sentencing judge then looked to the abstract of judgment for the § 11379 conviction, which identified the offense as "Transport/sell cont. sub."  Id.  Based on this, the district court determined that the defendant had been convicted under a section of § 11379 that met the definition of "drug trafficking." Id.

The Ninth Circuit reversed.  The panel agreed that the defendant's prior conviction did not "facially qualify" for the

---

[10]See Calderon-Pena, 383 F.3d at 258 (courts may look to indictment consistent with Taylor to determine whether a prior conviction qualifies as a "crime of violence" under the Guidelines) and United States v. Allen, 282 F.3d 339, 342-343 (5th Cir. 2002) (courts may consider charging papers and jury instructions to determine whether a prior offense qualifies as a "serious drug offense" for purposes of 18 U.S.C. § 924 (e)(2)(A), also known as the Armed Career Criminal Act).

16-level enhancement, but held that because the abstract of judgment was not sufficient to "unequivocally establish" that the defendant actually sold illegal drugs, the district court erred in relying exclusively on the abstract to support the enhancement.  Id. at 907.  Under California law, the court stated, "an abstract of judgment is not the judgment of conviction; it does not control if different from the trial court's oral judgment and may not add to or modify the judgment it purports to digest or summarize."  Id. at 908. (quoting People v. Mitchell, 26 P.3d 1040, 1042 (Cal. 2001)).  In addition, the court explained that "[p]reparation of the abstract is a clerical, not a judicial function."  Id. at 909. (citing People v. Rodriquez, 152 Cal. App. 3d 289, 299 (Cal. Ct. App. 1984)).  In discussing why the portion of the abstract identifying the charged offense is not reliable, the court stated:

> "The form simply calls for the identification of the statute of conviction and the crime, and provides a very small space in which to type the description.  It does not contain information as to the criminal acts to which the defendant unequivocally admitted in a plea colloquy before the court...[i]t is equally plausible, if not more probable, that the abbreviation in the [portion of the abstract identifing the offense] merely summarized the title of the statute of conviction rather than – as the government would have us presume – a conscious judicial narrowing of the charging document."  Id.

Considering these shortcomings, Navidad-Marcos found that the abstract of judgment "fail[ed] to satisfy the 'rigorous standard' required by Taylor's modified categorical approach."

10

<u>Id.</u>  Thus, the panel held that the district court erred in looking to the abstract of judgment alone to determine whether the enhancement was proper, and the case was remanded for resentencing.  <u>Id.</u>

Similarly, in this case, the district court based its conclusion that Gutierrez-Ramirez's § 11352 conviction qualified as a "drug trafficking offense" solely on the abstract of judgment.  As stated above, the record shows that the district court relied on the portion of the abstract that identified Gutierrez-Ramirez's § 11352 offense as "sell cocaine."  From <u>Navidad-Marcos</u>' cogent discussion of California abstracts of judgment, we conclude this is not a source upon which we can rely to conclude that this short phrase manifests a "conscious judicial narrowing of the charging document" rather than a shorthand abbreviation of the statute of conviction.  We therefore agree with the Ninth Circuit that courts cannot exclusively rely on such shorthand descriptions to justify sentence enhancements under the Guidelines.[11]

_____

[11]The government argues that there is a conflict in the Ninth Circuit over whether a district court may rely solely on an abstract of judgment to decide whether a prior conviction meets a particular enhancement definition under the Guidelines.  However, the case cited by the government, <u>United States v. Velasco-Medina</u>, 305 F.3d 839 (9th Cir. 2002), does not conflict with <u>Navidad-Marcos</u>.  In <u>Velasco-Medina</u>, the court held that the district court did not err in looking to the abstract of judgment, in combination with the charging instrument, to determine whether the enhancement was justified under the Guidelines.  305 F.3d at 852.  Thus, <u>Velasco-Medina</u> did not address the propriety of using the abstract of judgment alone, and does not conflict with <u>Navidad-Marcos</u>.

11

The government next argues that the recent Supreme Court opinion in <u>Shepard v. United States</u>, __ S.Ct. __, 2005 WL 516494 (2005) supports its argument that the district court's use of the abstract of judgment was proper in this case. In <u>Shepard</u>, a defendant pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 924 (g)(1). He objected to having his sentence increased from the 37-month maximum under the statute for a firearm offense to a 15-year minimum for violating the Armed Career Criminal Act ("ACCA"),[12] which is triggered when an offender convicted under § 924 (g)(1) has three previous convictions for "violent felonies." <u>Id.</u> at *3. The government argued that, under <u>Taylor</u>, the court is not limited to using the indictment alone, but is allowed to look to police reports and complaint applications to determine whether the prior convictions qualified as "violent felonies" under the ACCA. <u>Id.</u> at *6. The First Circuit Court of Appeals agreed, finding that because the defendant did not seriously challenge the accuracy of the facts contained in the reports, they were "sufficiently reliable" to assess whether the prior convictions qualified as "violent felonies." <u>Id.</u> at *4.

The Supreme Court reversed. The Court concluded that in determining whether a previous conviction qualifies as a "violent felony" so as to trigger an enhancement, a court is "generally

---

[12] 18 U.S.C. § 924 (e) (2004).

12

limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." Id. at *3. Such a limitation was necessary, the Court stated, in order to remain faithful to Taylor's admonition for courts to refrain from engaging in collateral trials. Id. at *7.

Shepard does not support the government's argument for using the abstract of judgment in this case. According to Navidad-Marcos, the abstract of judgment is generated by the court's clerical staff, so it is not an "explicit factual finding by the trial judge to which the defendant assented," which the court may consider under Shepard. Additionally, considering the low level of reliability associated with abstracts of judgment in California, we are satisfied they should not be added to the list of documents Shepard authorizes the sentencing judge to consult. We conclude therefore that the district court erred in relying exclusively on the abstract of judgment to determine whether the conviction under § 11352 was a "drug trafficking offense" in this case.[13]

We authorized the government to supplement the record in

_____

[13]We recognize that in, United States v. Morales-Franco, 2003 WL 21635295 (5th Cir. 2003), an unpublished opinion, we permitted reference to to the abstract of judgment. However, this case was decided before Calderon-Pena and Shepard, and we therefore find it to be unpersuasive.

13

this case with the indictment that preceded Gutierrez-Ramirez's §

11352 conviction.  Unfortunately, the indictment merely tracks

the language of the statute, and includes language relating to

conduct that would not qualify as a "drug trafficking offense"

under the Guidelines.  The record contains no other evidence to

narrow Gutierrez-Ramirez's § 11352 conviction to permit a

determination whether it qualifies as a "drug trafficking

offense."  As discussed above, the government does not challenge

the proposition that § 11352 could be violated by conduct that

would not qualify as a "drug trafficking offense" under the

Guidelines.  Thus, the district court erred in imposing the 16-

level enhancement in this case.[14]


III.

Gutierrez-Ramirez also contends that the provisions of 8

U.S.C. § 1326 (b)(1) and (2) which provide that a defendant may

be sentenced to 10 or 20 years imprisonment for a prior "felony"

or "aggravated felony" are unconstitutional in light of Apprendi

v. New Jersey, 530 U.S. 446 (2000).  As appellant recognizes,

---

[14]At resentencing, the district court will use the Guidelines as advisory consistent with Booker.  See Booker, 125 S.Ct. at 757 (Breyer, J., Opinion of the Court in part).  In "consulting the Guidelines," as Booker requires, the district court may consider the 12-level enhancement based on a determination that the defendant's conviction for violating OR. REV. STAT. § 475.992 qualifies as a "drug trafficking offense for which the sentence imposed was 13 months or less" under § 2L1.2 (b)(1)(B) of the Guidelines.  Id. at 764-765; See note 5, supra.

this issue is controlled by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998), in which the Supreme Court rejected this argument.

IV.

For reasons stated above, we VACATE Gutierrez-Ramirez's sentence and REMAND for resentencing consistent with this opinion and the Supreme Court's recent opinion in <u>United States v. Booker</u>, 125 S.Ct. 738 (2005).

VACATED and REMANDED.