United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 30, 2005**

Charles R. Fulbruge III
Clerk

REVISED JUNE 30, 2005

I n the

# United States Court of Appeals
## for the Fifth Circuit

---

m 04-41290
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

SALVADOR VEGA-DIAZ,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Southern District of Texas
m 5:04-CR-473-1

---

Before DAVIS, SMITH, and DENNIS,
Circuit Judges.

PER CURIAM:[*]

Having pleaded guilty of illegal re-entry after deportation, Salvador Vega-Diaz appeals his forty-six-month sentence of imprisonment, which is to be followed by a three-year term of supervised release. He argues that his sentence under a mandatory application of the sentencing guidelines must be vacated in light of *United States v. Booker*, 125 S. Ct. 738 (2005). We review this issue for harmless error, because Vega-Diaz did raise it in the district court.

Our review of the record convinces us that the district court would have imposed a lower sentence under advisory guidelines. Conse-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

quently, we vacate the sentence and remand for resentencing. *United States v. Pennell*, 409 F.3d 240, 246 (5th Cir. 2005); *United States v. Gracia-Cantu*, 302 F.3d 308, 313 (5th Cir. 2002).

The decision to remand makes it unnecessary for us to address whether the enhancement of Vega-Diaz's sentence based on prior drug trafficking convictions pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i) constitutes reversible error in light of *United States v. Gutierrez-Ramirez*, 405 F.3d 352, 353-60 (5th Cir. 2005). *United States v. Angeles-Mendoza*, 407 F.3d 742, 754 & nn.26-27 (5th Cir. 2005). The district court will have the benefit on remand of the record supplements provided by the government relative to this issue.

Finally, Vega-Diaz argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(a) and (b) are unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). We agree with Vega-Diaz's concession that this issue is foreclosed. *See Almendarez-Torres v. United States*, 523 U.S. 224, 247 (1998); *United States v. Mancia-Perez*, 331 F.3d 464, 470 (5th Cir. 2003).

The judgment of sentence is VACATED and REMANDED for resentencing.