United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-50884
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS MANUEL ACOSTA-AVITIA,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:04-CR-323-1-PRM
---------------------

Before JOLLY, DAVIS and OWEN, Circuit Judges.

PER CURIAM:[*]

Jesus Manuel Acosta-Avitia appeals from the sentence imposed following his guilty-plea conviction for illegal re-entry, in violation of 8 U.S.C. § 1326.

Acosta argues that the district court erred when it classified Acosta's prior conviction as a drug-trafficking offense that warranted a 16-level offense level enhancement under U.S.S.G. § 2L1.2(b)(1)(A) (2003); that under Apprendi v. New Jersey, 530 U.S. 466 (2000), his imprisonment term violated due

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

process because it exceeded the statutory maximum for the charged offense; that under United States v. Booker, 125 S. Ct. 738 (2005), the district court plainly erred by increasing the maximum authorized Guidelines sentence based on facts neither admitted by him nor found by a jury beyond a reasonable doubt; and that under Booker, the district court plainly erred when it sentenced him under a mandatory Guidelines sentencing scheme.

Because Acosta preserved his objection to the enhancement before the district court, this court reviews the enhancement de novo. United States v. Calderon-Pena, 383 F.3d 254, 256 (5th Cir. 2004) (en banc), cert. denied, 125 S. Ct. 932 (2005).

In 1988 Acosta was convicted of violating Cal. Health and Safety Code § 11360(a) (West 1988). This 1988 conviction forms the basis for the district court's U.S.S.G. § 2L1.2(b)(1)(A) enhancement. The language of the California Health and Safety Code section that Acosta violated is broader than the definition of "drug trafficking conviction" set forth in the Guidelines and thus reaches conduct that may not fit the definition of a drug trafficking conviction. Compare Cal. Health and Safety Code § 11360(a) (West 1988), with U.S.S.G. § 2L1.2(b)(1)(A)(i), comment. (n.1(B)(iv)).

Although the probation department in the Presentence Report (PSR) set forth facts from which the probation department concluded that the offense was a drug trafficking offense that warranted the enhancement, the "district court was not permitted

to rely on the PSR's characterization of the offense in order to make its determination of whether it was a drug trafficking offense."  See United States v. Garza-Lopez, 410 F.3d 268, 273-74 (5th Cir. 2005).

Additionally, under the analysis set forth in this court's recent decision of United States v. Gutierrez-Ramirez, 405 F.3d 352 (2005), the documents submitted by the Government do not provide the requisite information.  Neither the indictment nor the judgment relating to Acosta's 1988 conviction was provided to the district court.  None of the documents submitted by the Government are the product of judicial function, such as a judgment, that "manifests a conscious judicial narrowing of the charging document rather than a shorthand abbreviation of the statute of conviction."  See id. at 357-58 (internal quotation marks omitted).  The documents also are not "'explicit factual findings by the trial judge to which the defendant assented.'" Id. at 359, quoting Shepard v. United States, 125 S. Ct. 1254, 1257 (2005).

At most, the documents submitted by the Government cite the statute and state that Acosta's crime was "sale of marijuana." This type of citation and shorthand reference to the statute of conviction, which encompasses a broader range of conduct than a drug trafficking conviction as defined in U.S.S.G. § 2L1.2(b)(1)(A), is insufficient to support the enhancement. See Gutierrez-Ramirez, 405 F.3d at 355, 358-59.  Finally, nothing

in the record suggests that the documents submitted by the Government in Acosta's case are any more reliable than the California abstract of judgment that in Gutierrez-Ramirez, 405 F.3d at 358, was found to have a "low level of reliability." Thus, the district court erred in imposing the 16-level enhancement.

Acosta also contends that 8 U.S.C. § 1326(b)(1) and (2), which provide that a defendant's sentence may be increased for a prior "felony" or "aggravated felony," are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). As Acosta recognizes, this issue is controlled by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; see also United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). This court does not have the authority to overrule Almendarez-Torres. See Dabeit, 231 F.3d at 984. This argument is therefore foreclosed.

Finally, because this court is vacating Acosta's sentence due to a misapplication of the then-mandatory Guidelines, it is not necessary to address Acosta'a Booker claims. See Garza-Lopez, 410 F.3d 268, 275 n.2; United States v. Southerland, 405 F.3d 263, 270 (5th Cir. 2005).

We therefore VACATE Acosta's sentence and REMAND for resentencing consistent with this opinion and the Supreme Court's opinion in Booker.