United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 1, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41691
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EFRAIN GOMEZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-1044-ALL

Before KING, GARWOOD and SMITH, Circuit Judges.

PER CURIAM:[*]

Efrain Gomez appeals the sentence imposed following this guilty-plea conviction for illegal entry, in violation of 8 U.S.C. § 1326. He argues first that the district court erred when, over his proper objection, it classified his prior state conviction as a drug-trafficking offense that warranted a 12-level enhancement under U.S.S.G. § 2L1.2(b)(1)(B).

---

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

As the Government concedes, Gomez both preserved this contention below and is correct in his assertion that the district court erred in applying this guidelines enhancement because California Health & Safety Code § 11352(a), the state statute under which Gomez was convicted, is worded so that some, but not all, violations of the statute constitute a drug-trafficking offense consistent with the guidelines definition, and the documents introduced by the Government to support the enhancement indicated only that Gomez had been convicted of violating that state statute. *See United States v. Garza-Lopez*, 410 F.3d 268, 273-74 (5th Cir.), *cert. denied*, 126 S.Ct. 298 (2005); *United States v. Gutierrez-Ramirez*, 405 F.3d 352, 352-60 (5th Cir.), *cert. denied*, 126 S.Ct. 217 (2005). We reject the Government's contention that this properly preserved error was harmless. The Government has not carried its burden in this respect because the record does not sufficiently indicate that the district court would have imposed the same sentence absent the guidelines error. *See United States v. Ahmed*, 324 F.3d 368, 374 (5th Cir. 2003); *United States v. Waskom*, 179 F.3d 303, 312 (5th Cir. 1999).

Gomez argues that, in light of *United States v. Booker*, 125 S.Ct. 738 (2005), the district court erred in sentencing him under a mandatory guidelines scheme. The Government concedes the error and its proper preservation below, but contends it was harmless. However, the Government has not carried its burden in this respect.

Finally, Gomez challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). This constitutional challenge is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998). Although Gomez contends that *Almendarez-Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendariz-Torres* in light of *Apprendi*, we have repeatedly rejected such arguments on the basis that *Almendariz-Torres* remains binding. *See Garza-Lopez*, 410 F.3d at 276.

We therefore AFFIRM Gomez's conviction, but we VACATE his sentence and REMAND for resentencing consistent with this opinion and the Supreme Court's opinion in *Booker*.