United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 3, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40530
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUCAS ORLANDO ARGUETA-RAMIREZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-1352-ALL
--------------------

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Lucas Orlando Argueta-Ramirez appeals his guilty-plea conviction and sentence for illegal entry, in violation of 8 U.S.C. § 1326. The Government's motion to supplement the record on appeal is GRANTED. Argueta-Ramirez's motion to strike the Government's brief, in whole or in part, is DENIED.

Argueta-Ramirez argues first that the district court plainly erred when it classified his prior state conviction as a drug trafficking offense that warranted a 12-level enhancement under

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.S.G. § 2L1.2(b)(1)(B). Argueta-Ramirez is correct. California Health & Safety Code § 11352(a), the state statute under which Argueta-Ramirez was convicted, is worded so that some, but not all, violations of the statute constitute a drug trafficking offense consistent with the guidelines definition, and the documents introduced by the Government to support the enhancement indicate only that Argueta-Ramirez had been convicted of violating that state statute. See United States v. Garza-Lopez, 410 F.3d 268, 273-74 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005); United States v. Gutierrez-Ramirez, 405 F.3d 352, 352-60, cert. denied, 126 S. Ct. 217 (2005). Moreover, the statements made by the district court after Argueta-Ramirez's plea was entered do not enlighten this court as to the basis for the district court's adjudication of guilt. See Shepard v. United States, 125 S. Ct. 1254, 1257 (2005); see also Garza-Lopez, 410 F.3d at 274.

Argueta-Ramirez argues for the first time on appeal that the district court erred in ordering him to cooperate in the collection of a DNA sample as a condition of supervised release. This claim is dismissed for lack of jurisdiction because it is not ripe for review. See States v. Riascos-Cuenu, 428 F.3d 1100, 1101-02 (5th Cir. 2005). Argueta-Ramirez properly concedes that his argument is foreclosed in light of Riascos-Cuenu, but he raises it here to preserve it for further review.

Finally, Argueta-Ramirez challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). This constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Argueta-Ramirez contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See Garza-Lopez, 410 F.3d at 276. Argueta-Ramirez properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

APPEAL DISMISSED IN PART FOR LACK OF JURISDICTION; CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED; MOTION TO SUPPLEMENT RECORD GRANTED; MOTION TO STRIKE BRIEF DENIED.