United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 26, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-50500
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

JOHNNY GERARDO CASTRO-PADILLA,
also known as Carlos Gerardo Alvarado-Rivera,
also known as Carlos Gerardo,
also known as Alex Montenegro,
also known as Carlos Gerardo Alvarado,
also known as Johnny Castro-Padilla,
also known as Joni Gerardo Castro

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:04-CR-582-1
--------------------

Before REAVLEY, JOLLY and OWEN, Circuit Judges.

PER CURIAM:[*]

Johnny Gerardo Castro-Padilla appeals his sentence imposed
following his guilty plea conviction to being found illegally in
the United States following deportation.  Castro was sentenced to

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

63 months of imprisonment and a three-year term of supervised release.

Castro argues that the district court plainly erred in increasing his offense level pursuant to U.S.S.G. § 2L1.2(b)(1)(A) for a drug trafficking offense based on his prior conviction for a California drug offense. The Government concedes in a motion to vacate the sentence and remand for resentencing that the statute under which Castro was convicted could be violated by conduct that did not include a drug trafficking offense within the meaning of the Guidelines.

Because Cal. Health & Safety Code § 11352(a) encompasses acts that are not included in the definition of a "drug trafficking offense" in the context of § 2L1.2(b)(1), the district court committed plain error in enhancing Castro's offense level based on the California offense. See United States v. Gutierrez-Ramirez, 405 F.3d 352, 359 (5th Cir. 2005), cert. denied, 126 S. Ct. 217 (2005). Castro's sentence is vacated and the case is remanded for resentencing.

The Government in its motion seeks permission to supplement the record at resentencing with documents to support the enhancement. The Government admits that Castro's indictment merely tracked the language of the statue and does not establish that the offense was a "drug trafficking offense" under the Guidelines. The district court should allow the Government to supplement the record with only those documents authorized under

the categorical approach sanctioned by <u>United States v. Shepard</u>, 544 U.S. 13, 125 S. Ct. 1254, 1257 (2005) to determine whether Castro's prior conviction was a drug trafficking offense within the meaning of § 2L1.2(b)(1)(A). <u>See</u> <u>United States v. Bonilla-Mungia</u>, 422 F.3d 316, 320 (5th Cir. 2005); <u>Gutierrez-Ramirez</u>, 405 F.3d at 358-59. Thus, the Government's motion for permission to supplement the record at resentencing is granted.

Castro argues that his sentence of imprisonment and supervised release exceeds the statutory maximum for the charged offense and that his sentence should be reduced to a maximum of two years of imprisonment and one year of supervised release pursuant to 8 U.S.C. § 1326(a). He argues that the holding in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) cast doubt on the validity of the decision in <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998) that a prior conviction is a sentencing factor and not an element of the offense.

Castro's constitutional challenge is foreclosed by <u>Almendarez-Torres</u>. Although Castro contends that <u>Almendarez-Torres</u> was incorrectly decided and that a majority of the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi</u>, we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding. <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005). Castro properly concedes that his argument is

foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

AFFIRM CONVICTION; VACATE SENTENCE; REMAND FOR RESENTENCING; GRANT MOTION TO SUPPLEMENT THE RECORD.