United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 30, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40427
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

GILBERTO SANCHEZ-LOPEZ,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
No. 5:04-CR-2093-ALL
--------------------

Before SMITH, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Gilberto Sanchez-Lopez appeals his guilty-plea conviction of,
and sentence for, violating 8 U.S.C. § 1326 by being found in the
United States without permission after deportation.  He challenges
the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior
felony and aggravated felony convictions as sentencing factors

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

rather than elements of the offense that must be found by a jury in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). Sanchez-Lopez's constitutional challenge is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998). Although he contends that <u>Almendarez-Torres</u> was incorrectly decided and that a majority of the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi</u>, we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding. <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005). Sanchez-Lopez properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

Sanchez-Lopez also argues that the district court erred in imposing his sentence when it classified his state conviction as a drug trafficking offense that warranted a 12-level enhancement under U.S.S.G. § 2L1.2(b)(1)(B). Sanchez-Lopez is correct. North Carolina General Statute § 90-95, the state statute under which Sanchez-Lopez was convicted, is worded so that some, but not all, violations of the statute constitute a drug trafficking offense consistent with the guidelines definition. The offense for which Sanchez-Lopez was convicted, attempted conspiracy to traffic marihuana by possession, is not a "drug trafficking offense" as that term is defined for purposes of § 2L1.2(b)(1)(B). <u>See</u> <u>Garza-Lopez</u>, 410 F.3d at 273-74; <u>United States v. Gutierrez-Ramirez</u>, 405 F.3d 352, 352-60, <u>cert. denied</u>, 126 S. Ct. 217 (2005); <u>United States v.</u>

Rodriquez-Duberney, 326 F.3d 613, 617 (5th Cir. 2003); see also United States v. Meabe-Morales, 165 F. App'x 347, 349 (5th Cir. 2006).

We accordingly VACATE Sanchez-Lopez's sentence and REMAND for resentencing.

CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED.