United States Court of Appeals
Fifth Circuit

**F I L E D**

September 20, 2006

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 05-40809
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-
Appellee,

versus

RODRIGO MEDINA-COVOS,

Defendant-Appellant.

-------------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-2596-ALL
-------------------------------------------------------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

Rodrigo Medina-Covos (Medina) appeals the sentence imposed following his guilty-plea

conviction for illegal reentry after deportation in violation of 8 U.S.C. § 1326.  He argues that the

district court reversibly erred in treating his prior drug conviction under CAL. HEALTH & SAFETY

CODE § 11352(a) as a "drug trafficking offense" under U.S.S.G. § 2L1.2(b)(1)(A).  As Medina

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

preserved his objection in the court below, we review the district court's determination de novo. *United States v. Gutierrez-Ramirez*, 405 F.3d 352, 356 (5th Cir. 2005).

When determining whether a prior offense warrants a sentencing enhancement under the Guidelines, the district court generally "looks to the elements of the prior offense rather than the facts underlying the conviction." *United States v. Garza-Lopez*, 410 F.3d 268, 273 (5th Cir.), *cert. denied*, 126 S. Ct. 298 (2005)(citation omitted). In certain cases, such as Medina's, a district court may look beyond the elements of the offense when determining whether a drug trafficking offense was committed. *Taylor v. United States*, 495 U.S. 575, 602 (1990). However, only "conclusive records made or used in adjudicating guilt" should be used by the district court characterizing a sentence for enhancement purposes." *Garza-Lopez*, 410 F.3d at 274 (citing *Shepard v. United States, 544* U.S. 13, 19-23 (2005)). This court has specifically rejected reliance on facts presented in presentence reports to characterize prior offenses for enhancement purposes. *See Garza-Lopez*, 410 F.3d at 274 (citing *Shepard*, 544 U.S. 13).

In the instant case, the documentation in the district court is too ambiguous to support an enhancement. *See Gutierrez-Ramirez*, 405 F.3d at 357. The Government provided the district court with the state Information and the minute entry for Medina's plea colloquy. The minute entry states that Medina pleaded guilty to "violation of section[s] § 11352.A [sic] Health and Safety Code in count II" of the indictment. Only the first paragraph of count 2 of the indictment charged the violation of § 11352(a). That paragraph tracked the language of § 11352(a) which contains acts not encompassed by the Sentencing Guidelines enhancement sections and thus does not, without more, support an enhancement. *See Gutierrez-Ramirez*, 405 F.3d at 359; *see also* CAL. HEALTH & SAFETY CODE § 11352(a); U.S.S.G. § 2L1.2(b)(1)(A). The minutes do not indicate whether Medina pleaded

guilty to the second paragraph of count 2, which states a more specific drug violation. Like the abstract relied upon by the district court in *Gutierrez-Ramirez*, the minutes are only a "shorthand description[]" of the legal proceeding at issue. The minutes do not establish specifically what Medina pleaded. *See* 405 F.3d at 358. Additionally, despite noting that "counts/enhancements" were dismissed, the minutes do not actually state which counts and enhancements the court dismissed.

Given the ambiguity of the evidence, the district court erred in its determination that the prior conviction was for a drug trafficking offense in the context of § 2L1.2(b)(1) and increasing Medina's offense level on that basis.

Medina also contends that the treatment of felonies and aggravated felonies as sentencing factors under § 1326(b)(1) and (2) is unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and that he should be resentenced subject to the two-year maximum set forth in § 1326(a).

Medina's constitutional challenge is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998). Although Medina contends that a majority of the Supreme Court would overrule *Almendarez-Torres* in light of *Apprendi*, we have repeatedly rejected such arguments on the basis that *Almendarez-Torres* remains binding. *See Garza-Lopez*, 410 F.3d at 276. Medina concedes that *Almendarez-Torres* has not been overruled.

For these reasons, we vacate Medina's sentence and remand for resentencing.

SENTENCE VACATED AND REMANDED FOR RESENTENCING.