United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 7, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-50396

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

RAIMUNDO GONZALEZ-MERCADO, also known as Santiago Romero, also
known as Cristobal Conchi-Martinez

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas, El Paso
No. 3:04-CR-2319

Before KING, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

## I.  BACKGROUND

Defendant-appellant Raimundo Gonzalez-Mercado pleaded guilty
to one count of reentry of a removed alien in violation of 8
U.S.C. § 1326.  At sentencing, the district court calculated
Gonzalez-Mercado's total offense level by, inter alia, imposing a
16-level enhancement for a prior drug-trafficking conviction in
accordance with section 2L1.2(b)(1)(A)(i) of the United States

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Sentencing Guidelines ("U.S.S.G." or "Guidelines"). Gonzalez-Mercado's prior conviction was for the unlawful sale or transportation of, or offer to sell, a controlled substance in violation of section 11352(a) of the California Health and Safety Code. After making other adjustments, the district court arrived at a total offense level of 21 and a criminal-history category of IV, resulting in a Guidelines sentencing range of 57 to 71 months' imprisonment. But the court concluded that a criminal-history category of IV overstated Gonzalez-Mercado's propensity to commit crime and that instead a criminal-history category of II was more appropriate. The total offense level of 21 and the criminal-history category of II yielded a Guidelines range of 41 to 51 months' imprisonment. The court imposed a sentence of 41 months' imprisonment and 3 years' supervised release. Gonzalez-Mercado appeals his sentence.

**II. DISCUSSION**

Gonzalez-Mercado argues that the district court erred by applying the 16-level enhancement because a California conviction for sale or transportation of, or offer to sell, a controlled substance is not a drug-trafficking offense under U.S.S.G. § 2L1.2(b)(1). As Gonzalez-Mercado concedes, we review for plain error since he did not properly preserve his argument below. See United States v. Garza-Lopez, 410 F.3d 268, 272 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).

-2-

Under plain-error review, we first inquire whether the district court's imposition of the enhancement was erroneous and, if so, whether the error was plain (i.e., clear or obvious).  Id. We review the district court's interpretation and application of the Guidelines de novo.  Id.

Under the categorical approach of United States v. Taylor, 495 U.S. 575, 602 (1990), the court "looks to the elements of the prior offense, rather than to the facts underlying the conviction, when classifying a prior offense for sentence enhancement purposes."  Garza-Lopez, 410 F.3d at 273.  The government concedes that the district court could not have relied solely on the language of section 11352(a) to conclude that Gonzalez-Mercado's prior conviction was for a drug-trafficking offense since section 11352(a) criminalizes certain activity[1] (e.g., transportation of a controlled substance for personal use) that does not constitute a drug-trafficking offense under section 2L1.2.  We agree.  See United States v. Gutierrez-Ramirez, 405 F.3d 352, 359 (5th Cir.), cert. denied, 126 S. Ct. 217 (2005) (holding that 16-level enhancement for prior conviction under section 11352(a) was error where government conceded statute "could be violated by conduct that would not qualify as a 'drug

_____

[1] Section 11352(a) makes it a crime to "transport[], import[] into this state, sell[], furnish[], administer[], or give[] away, or offer[] to transport, import into this state, sell, furnish, administer, or give away, or attempt[] to import into this state or transport" a controlled substance.  CAL. HEALTH & SAFETY CODE § 11352(a).

-3-

trafficking offense' under the Guidelines" and other evidence in the record did not narrow the conviction to activity within the definition of "drug trafficking offense"); see also Garza-Lopez, 410 F.3d at 274-75 (holding that a similar provision, section 11379(a) of the California Health and Safety Code, criminalizes activity that is not a drug-trafficking offense).

When determining whether a prior offense is a drug-trafficking offense, the court may also consider documents such as the charging instrument and the jury instructions. Id. at 273. With the court's permission, the government has supplemented the record in this case with certain documents (e.g., the information) pertaining to Gonzalez-Mercado's California conviction. But now the government also concedes that these documents do not bring Gonzalez-Mercado's prior conviction within the definition of "drug trafficking offense" in section 2L1.2.

Consequently, we conclude that the district court erred by applying the 16-level enhancement for a prior drug-trafficking conviction. We also conclude that the error was plain since Garza-Lopez makes it clear that the California offense encompasses activities outside the definition of "drug trafficking offense." See id. at 274.

We turn then to the question whether the error affected Gonzalez-Mercado's substantial rights. "[W]e must determine 'whether the defendant can show a reasonable probability that,

-4-

but for the district court's misapplication of the Guidelines, [he] would have received a lesser sentence." Id. at 275 (quoting United States v. Villegas, 404 F.3d 355, 364 (5th Cir. 2005) (per curiam)).

Gonzalez-Mercado has satisfied his burden on the third prong of plain-error review. Absent the erroneous 16-level enhancement under section 2L1.2(b)(1)(A)(i), Gonzalez-Mercado would have been subject at most to an 8-level enhancement under section 2L1.2(b)(1)(C) for a prior aggravated-felony conviction (although Gonzalez-Mercado does not concede that this enhancement would have been proper). An 8-level enhancement would have resulted in a total offense level of 13. With a criminal-history category of IV, this would yield a Guidelines sentencing range of 24 to 30 months' imprisonment, which is significantly lower than the 41-month sentence that Gonzalez-Mercado received. And with a criminal history category of II, this would yield a Guidelines sentencing range of 15 to 21 months' imprisonment, even farther below the sentence imposed.

The government contends that Gonzalez-Mercado cannot demonstrate that the outcome would have been different because the district court already granted a significant downward departure based on its determination that Gonzalez-Mercado's criminal-history category of IV overstated his propensity to commit crime. We disagree. Even at a criminal history of category IV, once the total offense level is adjusted to 13

-5-

Gonzalez-Mercado's Guidelines range is 24 to 30 months, which is at least 11 months less than the sentence imposed. There is nothing in the record indicating that had the district court correctly calculated the offense level, it would have upwardly departed from the resulting sentencing range to achieve a 41-month sentence.

Under the fourth prong of plain-error review, we may reverse only if the error seriously affected the fairness, integrity, or public reputation of judicial proceedings. United States v. Olano, 507 U.S. 725, 732 (1993). We conclude that this prong is satisfied here, as we have in other cases where "the district court's error clearly affected [the] sentence." United States v. Villegas, 404 F.3d 355, 365 (5th Cir. 2005) (per curiam); see also Garza-Lopez, 410 F.3d at 275 (holding that erroneous enhancement for prior drug-trafficking offense resulting in a substantially different sentence affected the fairness of judicial proceedings).[2]

### III. CONCLUSION

For the foregoing reasons, we conclude that the district

---

[2] In order to preserve the argument for further review, Gonzalez-Mercado also contends that his sentence should be limited to the two-year statutory maximum in § 1326(a) rather than the 20-year maximum in § 1326(b)(2). He asserts that § 1326(a) and § 1326(b)(2) create separate offenses and that the indictment did not charge him with a § 1326(b)(2) offense because it did not allege that he was removed subsequent to an aggravated-felony conviction. But as he concedes, his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998).

court committed plain error and that Gonzalez-Mercado's sentence must be vacated.

SENTENCE VACATED; CASE REMANDED FOR RESENTENCING.