United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 14, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 06-41262
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCO ANTONIO MARTINEZ-MORENO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:06-CR-546
--------------------

Before KING, HIGGINBOTHAM and GARZA, Circuit Judges.

PER CURIAM:[*]

Marco Antonio Martinez-Moreno (Martinez) appeals following his guilty plea conviction for illegal reentry after deportation. Martinez was sentenced to a 40-month term of imprisonment and a three-year term of supervised release.

Martinez argues that the district court erred in increasing his offense level pursuant to U.S.S.G. § 2L1.2(b)(1)(A) for a drug trafficking offense based on his prior California cocaine conviction. The Government concedes the error and asserts that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

this court should vacate Martinez's sentence and remand for resentencing.

The documents pertaining to Martinez's California cocaine conviction are ambiguous as to the statute of conviction. The charging document, which merely tracks the statutory language, indicates that Martinez was convicted under CAL. HEALTH & SAFETY CODE § 11352(a). Section 11352(a) encompasses acts that are not included in the definition of a "drug trafficking offense" in the context of U.S.S.G. § 2L1.2(b)(1)(B). See United States v. Gutierrez-Ramirez, 405 F.3d 352, 359 (5th Cir. 2005), cert. denied, 126 S. Ct. 217 (2005). Accordingly, Martinez's sentence is vacated and the case is remanded for resentencing.

Martinez also challenges the constitutionality of the treatment of prior felony and aggravated felony convictions under 8 U.S.C. § 1326(b) as sentencing factors rather than elements of the offense that must be found by a jury. Martinez's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although he contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Martinez properly concedes that his argument

is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.