# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 11, 2008

Charles R. Fulbruge III
Clerk

No. 07-51264
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

VICTOR AGUILERA-AYALA, also known as Manuel A Agurlar

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CR-1259-1

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Victor Aguilera-Ayala (Aguilera) appeals the 38-month sentence imposed following his guilty plea conviction for illegal reentry following a previous deportation. Aguilera argues that the district court erred in applying an eight-level enhancement, pursuant to U.S.S.G. § 2L1.2(b)(1)(C), for an aggravated felony. He argues that the Government did not establish by competent evidence "the fact" of his prior convictions. Specifically, he asserts that, in light of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Shepard v. United States, 544 U.S. 13 (2005) and United States v. Gutierrez-Ramirez, 405 F.3d 352 (5th Cir. 2005), the California abstract of judgments utilized by the district court are considered "unreliable" to establish the existence of his prior convictions.

Aguilera's reliance on Gutierrez-Ramirez is misplaced. In Gutierrez-Ramirez, 405 F.3d at 358-59, this court determined that the district court erred under Taylor and Shepard when it "exclusively" relied on a California abstract of judgment to determine whether the defendant's prior conviction qualified as a "drug trafficking offense" for purposes of a 16-level enhancement under § 2L1.2(b)(1)(A)(I). As Aguilera acknowledges in his brief, his argument does not implicate Taylor or Shepard because he is only challenging the existence of his prior convictions. See United States v. Neri-Hernandes, 504 F.3d 587, 590-92 (5th Cir. 2007), cert. denied, 128 S. Ct. 1106 (2008). Because Aguilera failed to produce any evidence calling into question the reliability of the abstract of judgments, the district court did not err in using them to establish Aguilera's prior convictions. See id. at 592.

In light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Aguilera challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), cert. denied, 128 S. Ct. 872 (2008).

Accordingly, the judgment of the district court is AFFIRMED.