# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10466
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 29, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HERIBERTO ESQUIVAL-CENTENO,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CR-243

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

Following Heriberto Esquival-Centeno's guilty plea to reentering the United States after deportation, the district court imposed a 46-month within-guidelines sentence, which included a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(i) because Esquival-Centeno's deportation had followed his Arizona conviction for attempted transport of cocaine for sale. *See* ARIZ. REV. STAT. ANN. § 13-3408(A)(7). On appeal, Esquival-Centeno concedes that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10466

Arizona offense of attempted transport of cocaine for sale qualifies as a "drug trafficking offense" for purposes of § 2L1.2(b)(1)(A)(i). *See United States v. Martinez-Lugo*, 782 F.3d 198, 201-205 (5th Cir. 2015), *cert. denied*, 2015 WL 3867557 (Nov. 30, 2015) (No. 14-10355). He contends, however, that the records proffered by the Government were insufficient to prove that he had been convicted specifically of attempted *transport* of cocaine, that offense falls within a statute the parties concede is divisible.

We review the district court's decision to apply a 16-level enhancement under § 2L1.2(b) de novo. *See United States v. Gutierrez-Ramirez*, 405 F.3d 352, 355-56 (5th Cir. 2005). Because Esquival-Centeno concedes that attempted transport of cocaine for sale constitutes a "drug trafficking offense" under the categorical approach of *Taylor v. United States*, 495 U.S. 575, 602 (1990), the sole question is whether, applying a modified categorical approach to the Arizona statute in question, we are able to ascertain which of the divisible elements formed the basis of Esquival-Centeno's pre-deportation conviction. *See Descamps v. United States*, 133 S. Ct. 2276, 2281, 2293 (2013). In ascertaining the precise basis of the prior conviction, we may consider the "charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard v. United States*, 544 U.S. 13, 16 (2005).

Esquival-Centeno was charged generally under Arizona Revised Statute § 13-3408(A)(7), which prohibits transporting for sale, importing, selling, transferring, or offering to transport for sale, import, sell, or transfer, any narcotic drug. The state court judgment, however, plainly and unambiguously specifies his offense of conviction as "attempted transportation of [cocaine] for sale," thus reflecting "a conscious judicial narrowing of the charging document." *Gutierrez-Ramirez*, 405 F.3d at 357-58 (internal quotation marks

and citation omitted).  While Esquival-Centeno argues that the judgment's allusion to "transportation" may simply be a short-hand reference to § 13-3408(A)(7) as a whole, the judgment is a *Shepard*-approved document that is binding in this circumstance.

Also instructive is the State's promise in Esquival-Centeno's plea agreement to dismiss all other allegations under § 13-3408(A)(7) upon his guilty plea to the attempted transport charge.  As with the state judgment, he challenges the language of the plea agreement as nonspecific boilerplate, but this contention also fails under the principles that guide the modified categorical approach.

Finally, the plea hearing transcript reflects Esquival-Centeno's confirmation of the factual basis of his prior conviction, which involved his driving a car containing cocaine packaged for sale from Arizona to California.  Contrary to Esquival-Centeno's assertion, a district court, in ascertaining the relevant conduct that distinguishes one divisible offense from another, may refer to the "transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant."  *Shepard*, 544 U.S. at 26.

The *Shepard* documents suffice to show that Esquival-Centeno's pre-deportation conviction was for the specific offense of attempted transport of cocaine for sale, which qualifies as a "drug trafficking offense" under § 2L1.2(b)(1)(A)(i).  *See Gutierrez-Ramirez*, 405 F.3d at 358; *Martinez-Lugo*, 782 F.3d at 201-05.  Consequently, the district court did not err in imposing a 16-level enhancement in this case.  The judgment is AFFIRMED.